McCALL and Another *v.* SEEVERS.

The fact that witnesses were allowed to testify who were disqualified by interest is not sufficient to reverse the judgment, if, under the present practice, they would be competent witnesses at another trial.

The fact that irrelevant instructions not tending to mislead the jury nor prejudice the rights of the objecting party, were given at a trial, is not sufficient to reverse the judgment.

If the verdict is fully sustained by the evidence, the Supreme Court will not set it aside on account of an erroneous instruction given to the jury.

ERROR to the *Montgomery* Circuit Court.

*Friday,*
*June 2.*

STUART, J.—Assumpsit upon the common counts. Pleas, the general issue and set-off. Verdict and judgment for *Seaver*, the plaintiff below, for 145 dollars.

At the proper time, *McCall* interposed a motion for a new trial, which was overruled.

The evidence is all in the record.

Several bills of exception raise for our consideration the admission of certain evidence, and the instructions of the Court.

The objection to the evidence was to the interest of the witnesses. But as the statute has removed that disability, we would not, for that reason alone, reverse the case. For these very witnesses would now be competent. 2 R. S., p. 80, s. 238. Besides, they executed releases respectively, which appear in the record, and which sufficiently restored their competency even under the old rule. The interest, at best, was but remote and contingent.

The instructions complained of are also spread upon the record. It is admitted very properly, in argument, that the instructions numbered three and four were irrelevant; and we do not see that they had any tendency to mislead the jury or prejudice the rights of *McCall*. It is therefore unnecessary to quote them.

Number six is in these words:

"That if the jury believe from the evidence that the plaintiff's intestate performed labor to any amount, under an agreement with the defendants that said intestate should remain on the land until he should be paid for such labor,

May Term,
1854.

LAWRENCE-
BURGH, &c.,
RAILROAD
COMPANY
v.
SMITH.

and the defendants put him out of possession before he was so paid, the plaintiff had a right to recover for the whole of such labor in this action."

The instruction is perhaps too broad. But as the verdict is in our opinion fully sustained by the evidence in the record, it is needless to analyze the law of the case as given in the Circuit Court.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. E. McDonald, R. C. Gregory* and *R. Jones,* for the plaintiffs.

*H. S. Lane* and *S. C. Willson,* for the defendants.