## McMahon v. Flanders.

INSTRUCTION TO JURY.—*Reference to Facts not in Evidence.*—On the trial of an action on account for services rendered, wherein the evidence incidentally disclosed that the parties were related, the court instructed the jury, that, if they believed "from the evidence, that the plaintiff" was "the son-in-law of the defendant, and went into the service of the defendant with the understanding that he was to charge nothing for his services, but was to look to the amount his wife was to receive from the estate of her father, then the plaintiff can not recover."

*Held,* there being no evidence of such an understanding, that the instruction was erroneous, and was prejudicial to the plaintiff.

From the Madison Circuit Court.

McMahon v. Flanders.

*A. F. Shirts, T. J. Kane* and *T. P. Davis*, for appellant.
*W. R. Pierse*, for appellee.

PERKINS, J.—McMahon sued Flanders on a complaint containing what were the common counts at common law. He claimed judgment for fifteeen thousand dollars.

Answer by the defendant in three paragraphs :

1. General denial ;

2. Set-off, claiming judgment for five thousand dollars, the balance of accounts, as he claimed, in his favor ; and,

3. Payment.

Reply in denial of the second and third paragraphs of answer.

Trial by jury; verdict for the defendant in the sum of one dollar; motion for a new trial overruled; and judgment on the verdict.

The assignment of error is, that the court erred in overruling the motion for a new trial. The grounds therefor stated in the motion were,—

1. Verdict contrary to law, and unsustained by evidence;

2. Error of law occurring at the trial, in permitting the defendant to cross-examine the plaintiff, in his examination in chief, upon the items set out in his bill of particulars, filed with the complaint, as credits to the defendant;

3. Error of law in permitting the defendant to prove by Thomas J. Reed, J. W. Finley and others, the value of services of four hands and stock-buyers other than the plaintiff, in the vicinity of Strawtown, Hamilton county, Indiana;

4. Error in giving to the jury instructions numbered 1, 2 and 3; and,

5. Surprise by the testimony of the defendant Flanders, upon the question of money loaned by John M. McMahon to the defendant Flanders, and also as to his own money,

alleged to have been used by the plaintiff for use of the defendant.

We will first consider the fourth assignment of error. The second instruction given by the court to the jury was in these words:

"If the jury believe from the evidence, that the plaintiff is the son-in-law of the defendant, and went into the service of the defendant with the understanding that he was to charge nothing for his services, but was to look to the amount his wife was to receive from the estate of her father, then the plaintiff can not recover for such services, in this action."

The instruction was duly excepted to. The objection to it is, that it was not applicable to the evidence. "It is a well settled rule of law, that the instructions of the court to the jury should be relevant to the issues in the case, and pertinent to the evidence given to the jury." *Wallace* v. *Morgan*, 23 Ind. 399.

In the case at bar, we have carefully examined the evidence in the record, and there is not a particle tending to prove that plaintiff "went into the service of the defendant with the understanding that he was to charge nothing for his services," etc., but the fact came out, incidentally, that he was the son-in-law of the defendant.

The instruction, above copied, was not applicable to the evidence, and the error in giving it was not cured by any instruction that was given. If, therefore, it was not harmless to the party objecting to it, the case should be reversed. *Ferguson* v. *Hosier*, 58 Ind. 438; *Lewellen* v. *Garrett*, 58 Ind. 442.

In this case, the verdict of the jury was against the plaintiff; and the presumption is, that the instruction complained of contributed to that result. In *Hays* v. *Hynds*, 28 Ind. 531, it is said by FRAZER, C. J.: "Instructions should be pertinent to the case. Juries are apt to assume and are justified in assuming, that they are applicable."

Jurors do not take the evidence to their consultation rooms, except in their heads. They take the instructions of the court in the same way. But the instructions are given to them after the evidence; and often, as in this case, are in a few short propositions, more easily, and likely to be, remembered than voluminous miscellaneous evidence.

When the jury commenced their deliberations, naturally the instruction of the court touching the fact of the plaintiff's being the son-in-law of the defendant, would be fresh in their recollection; and the fact that the same instruction told them they might, in a certain contingency, find against the plaintiff, as to the claim sued for, might lead them to give an undue prominence to the fact of such relationship, and to conclude against him on that fact alone, or to assume that there was evidence which the court must have recollected, though they might not, that would authorize such conclusion. We think the instruction calculated to confuse and mislead the jury, to the prejudice of the plaintiff, the appellant in this court. *Clem* v. *The State*, 31 Ind. 480; *Swank* v. *Nichols*, 24 Ind. 199; *Palmer* v. *Wright*, 58 Ind. 486.

For the error in giving said instruction, the court should have granted a new trial, and the cause must be reversed. We need not examine, therefore, whether the other grounds alleged for a new trial are valid or otherwise. The cause must be remanded for another trial, on which the same mistakes in rulings, if mistakes they were, may not be repeated.

The judgment is reversed, with costs, and the cause remanded for a new trial, etc.