## W. DURFEE PETTIBONE v. ADAM MACLEM.

*Declaration—Application of judge's charge—Special questions—Costs.*

An objection to a declaration for not being full enough should be taken before going on with the trial.

Where the issue is distinctly set forth in the pleadings, and the evidence conforms to it, and the record does not show that the plaintiff took any ground inconsistent with the proofs, it is not to be assumed that the jury applied the language of the charge so as to make it cover anything foreign to the issue.

A general verdict need not be excluded for the failure of the jury to answer special questions that are of no legal consequence.

Costs are discretionary in cases determined in the circuit court on appeal from a justice, and their allowance will not be reviewed.

Error to Macomb.     Submitted   Jan. 13 and 14.   Decided Jan. 26.

CASE.   Defendant brings error.   Affirmed.

*James B. Eldredge* for plaintiff in error.

*Crocker & Hutchins* for defendant in error.

GRAVES, J.   This is a companion case to *Pettibone v. Smith* reported in 37 Mich. 579, and the outline there given will suffice for this occasion.   The action was brought for the same interference with the same water-course and the jury found a verdict in Maclem's favor for $5.   Although the exceptions are very numerous we think it needless to use many words.   The law applicable has been pretty fully explained in former cases.   *Dumont v. Kellogg* 29 Mich. 423; *Hall v. Ionia* 38 Mich. 493.   *Pettibone v. Smith,* supra, has also a direct bearing.

There is no valid objection to the declaration.   If it was not supposed to be full enough the objection should have been taken before entering upon the trial.

Maclem's contention was in substance that Pettibone had obstructed and diverted the stream in such manner, and to such extent, that the water thereby became so much wasted by frost, absorption and evaporation as to cause him material injury and damage.   The point is now made that the circuit judge in charging the jury made no allowance for the diminution of the water consequent on the reasonable use of the stream by Pettibone for watering his stock and for other domestic purposes ; but gave the case to the jury in terms broad enough to permit them to hold Pettibone responsible for diminution of water however caused.   We think this is not a just view and that the jury did not receive the charge

in that sense or so apply it. The controversy as shaped by the pleadings and followed up by the whole evidence distinctly excluded all liability of Pettibone on account of having used the water for stock or for his household or for any like purpose, and the record contains no sign of any position by the plaintiff inconsistent with the course of proof. Now it is no more than reasonable to assume that the jury did not step aside and apply the language of the charge to something wholly foreign to the issue. The case contains no evidence that they did so and the fair conclusion is that they applied it correctly and were not misled.

We do not find it necessary to discuss the twenty-one requests for instructions. The actual dispute was fully covered by the charge and the jury were not misdirected. The defendant objected to the reception of the general verdict because the jury had not answered each of twenty-seven special questions. We think the court committed no error in refusing to allow the objection. Nearly all the questions were answered, and those which were not were of no legal consequence. It is not needful to add further reasons.

The case originated before a justice of the peace and the recovery was for $100. As this was reduced to $5 the claim is made that the court below erred in allowing costs to the plaintiff. The defendant, it is said, should have had costs. The allowance of costs in the appellate court was discretionary and we cannot review it. *Hewitt v. Ingham Circuit Judge* 44 Mich. 153.

We have examined the exceptions as to the admission and rejection of evidence and do not find any which call for discussion.

The judgment should be affirmed with costs.

The other Justices concurred.