Nicklaus v. Burns et al.

————— ◆◆◆ —————

No. 7495.

Nicklaus v. Burns et al.

| | |
|---|---|
| 75 | 93 |
| 141 | 122 |
| 141 | 691 |
| 143 | 466 |
| 75 | 93 |
| 144 | 470 |

Practice.—*Instructions not Applicable to Evidence.*—*Supreme Court.*—It is error to give instructions which have no application to the evidence. When given, the Supreme Court can not say that such instructions did not tend to mislead and confuse the jury, to the injury of the losing party.

From the Jefferson Circuit Court.

*C. A. Korbly*, for appellant.

*E. G. Leland* and *H. Francisco*, for appellees.

FRANKLIN, C.—This is an action brought by Nicklaus against appellees herein, wherein he seeks to have certain conveyances set aside, upon the ground that, at the time they were made, they were fraudulent and void as to the creditors of appellee Miles S. Burns. The complaint is in the ordinary form. An issue was formed by a denial, trial by jury, verdict and judgment for appellees.

Appellant has assigned for error the overruling of his motion for a new trial.

The facts in the case are about as follows : Appellee Miles S. Burns became indebted to appellant, and on the 27th day of October, 1869, executed his note for the same, in the sum of $1,596.21, and a mortgage on certain property to secure the payment of the same ; that on the 30th day of May, 1873, he obtained a judgment and foreclosure of the mortgage, for the sum of $2,049.26 ; that the property was sold on the 19th day of July, 1873, for $1,200, leaving a balance due thereon of over $800 ; that on the 18th day of October, 1872, said Miles S. Burns executed a deed of conveyance in fee simple, "in consideration of one dollar and natural love and affection, and the consideration mentioned and recited" in the deed, to his daughters, Anna Johnson and Eliza J. Lilly, defendants, for two lots of real estate in the city of Madison, worth about $3,000.

The *habendum* clause of this deed is as follows : "To have and to hold said above described real estate to the said Anna Johnson and the said Eliza J. Lilly, subject to the following restrictions : The said grantees and their husbands respectively,William R. Johnson, husband of the said Anna, and Christopher H. Lilly, agree and bind themselves to keep and respectably maintain the grantor, the said Miles S. Burns, during his natural life, and supply him with all the necessaries and comforts of life, that is, such as are in

accordance with the present and former condition in society in which he moves ; and, to secure such maintenance, a lien is retained on said real estate ; and no partition between said heirs is to be made of said real estate, unless by the consent of this grantor.'' That upon, and of the date of, said deed was the written endorsement of the said two daughters and their husbands, of the acceptance of said deed with the stipulations therein contained. And cotemporaneous therewith the said husbands executed a written agreement between themselves, by the terms of which they were both to live in the two-story brick house situated on one of the lots. And the said William R. Johnson agreed to attend to the renting of the property, paying the taxes, and apply the surplus to the maintenance of their said father-in-law, and they were jointly to make up any deficiency in his maintenance ; that, at the time of the execution of said deed and accompanying papers, the said Miles S. Burns, in addition to appellant's said debt, owed the following sums : To Allen Blackford, $1,200 ; William Stapp, $500 ; William Hollis, $300 ; Hawkins' heirs, $500 ; John McKinney, $600 ; and was sued for damages by his partner in the sum of $5,000. That in December, 1875, said Miles S. Burns intermarried with one Mildred Muse, who is now the appellee Mildred Burns ; that on the 5th day of January, 1876, in a few days after their marriage, he procured his two daughters, with their husbands, to convey the most valuable portion of said lots to said Mildred, for the consideration expressed in the deed, of $3,000, and received from her $1,100 in money ; the balance of said lots, worth about $600, was conveyed to said Johnson and wife, and a home worth $600 was purchased with a part of the $1,100, and conveyed to said Lilly and wife ; and Burns, Sen., with his new wife, took possession of the old homestead ; but they only lived together seven or eight months, until they were divorced ; and from the case reported in *Burns* v. *Burns*, 60 Ind. 259, the record also

of which is in this case, that was done without any separation. Before the commencement of this suit Burns had paid off all his indebtedness, except appellant's claim and $300 to Hollis; and after the sale of the mortgaged property, the execution was returned *nulla bona.*

Appellant assigned various reasons in his motion for a new trial, all of which need not be copied in this opinion.

We see no error in the refusal of instructions asked by appellant. It is insisted that there was error in the giving of instructions 1 and 3, asked by appellees. These instructions read as follows:

"1st. If you believe from the evidence in the case that the defendants Anna Johnson and Jennie Lilly purchased the property in controversy in this action from Miles S. Burns, for a full, fair and valuable consideration, and without notice that the said Burns was seeking and intending thereby to cheat, hinder, delay and defraud his creditors out of their just demands existing at the time of said purchase, and you further find that they had paid the consideration, and received their deeds for said property before the fraudulent intent of said Burns to cheat, hinder and defraud his creditors had come to their knowledge, then, and in that case, said Anna Johnson and Jennie Lilly would be *bona fide* purchasers of the property so conveyed to them, and would be entitled to hold the same free from the claims of creditors of the said Miles S. Burns. And any person buying from them, under such circumstances, would be entitled to hold the property as against the world, and this, whether the second purchaser had a knowledge of the fraudulent intent of said Burns to cheat and defraud his creditors, in the original conveyance, or not.

"3d. If the jury believe from the evidence, that Anna Johnson, Jennie Lilly and Miles S. Burns conveyed any part of the property in controversy in this action to the defendant Mildred A. Burns, in consideration that said Mildred

Nicklaus v. Burns et al.

would marry the said Miles S. Burns, and you further find that said Mildred A. Burns did marry said Miles in consideration of the conveyance of said property to her, and that, at the time of such conveyance and marriage of the said parties, the said Mildred A. Burns had no knowledge of a fraudulent intent on the part of said Miles S. Burns thereby to cheat, hinder and defraud his creditors, then, and in that case, the said Mildred A. Burns would be a good-faith purchaser of any property so conveyed to her, and would be entitled to hold the same against the plaintiff in this action."

These instructions might be good enough law, if they had any application to this case. When the court attempts to apply the law to the facts in a case, it should confine the law to the facts that have been given in evidence, and not to an entirely different state of facts, about which there is no evidence whatever.

The evidence in this case does not tend, in the slightest, to prove that the daughters, or their husbands for them, purchased any part of the property from their father, or that anything whatever was paid by any person for the conveyance. Nor does the evidence in any way show that either of the daughters, or their husbands for them, had anything whatever to do with the sale of the property to their stepmother; they only executed the deed in pursuance of an arrangement their father had made with their step-mother. Nor is there a word anywhere to be found in the evidence, in relation to the consideration of the deed to Mrs. Burns being her marriage to Mr. Burns. The instructions might be applicable to some other case, but not to the one on trial.

After the evidence has been heard and argument of counsel had, for the court to instruct the jury upon a state of facts not embraced in the evidence, nor discussed by counsel, is asking them to decide questions which have not been submitted to them for trial. Jurors are liable enough to con-

sider matters outside of the evidence, without being led off in that direction by instructions from the court. Such practice is well calculated to confuse and mislead the jury. *McMahon* v. *Flanders*, 64 Ind. 334; *Ferguson* v. *Hosier*, 58 Ind. 438; *Lewellen* v. *Garrett*, 58 Ind. 442; *Palmer* v. *Wright*, 58 Ind. 486; *Clem* v. *The State*, 31 Ind. 480; *Hays* v. *Hynds*, 28 Ind. 531; *Swank* v. *Nichols' Adm'r*, 24 Ind. 199; *Wallace* v. *Morgan*, 23 Ind. 399, 409.

These instructions, being inapplicable to the facts in the case, ought not to have been given; and we can not say they did not tend to mislead and confuse the jury, to the injury of appellant. A new trial should have been granted. .

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things, reversed, at the costs of the appellees; and that the cause be remanded, with instructions to grant a new trial.