Filed April 16, 1891.

---

No. 102.

## GOULD v. O'NEAL.

REPLEVIN.—*Pleading.*—*Complaint.*—In an action of replevin an averment in the complaint that the defendant "unlawfully holds" the property is equivalent to an averment that it is "unlawfully detained."

SAME.—*Detention of Property.*—*Venue.*—In such action the complaint need not allege that the property is detained in the county where the suit is brought. Section 1547, R. S. 1881.

APPELLATE COURT.—*Practice.*—*Instructions.*—*Applicability of to Evidence.*—*Certification by Trial Court.*—*Presumption.*—A certification by the lower court under section 650, R. S. 1881, that the instructions given were applicable to the evidence will be presumed, on appeal, to have been truthfully made.

From the Henry Circuit Court.

—— *Brown* and —— *Brown*, for appellant.

REINHARD, J.—This action was brought by the appellee against the appellant, before a justice of the peace, for the recovery of a mare.

The complaint is as follows, omitting the caption:

"The plaintiff complains of the defendants, and says that he is the owner of one black mare, two white hind feet, of the value of one hundred dollars; that the defendants unlawfully hold said property, and that the said —— is not held by virtue of any other lien for taxes, upon execution, or other lawful writs. Plaintiff avers that he is entitled to the immediate possession of the same. Wherefore plaintiff

demands judgment for the return of said property and all proper relief."

. No objection was made to the sufficiency of the complaint either in the circuit court or before the justice of the peace, and it is assailed for the first time on an assignment of errors in this court.

One objection now urged against the complaint is that it does not aver that the property was "taken or detained" by the defendant, as the statute requires. We think it does contain such an averment. The statement that the defendants "unlawfully hold" the property is equivalent to charging that they unlawfully detain it.

Another objection which the appellant now makes to the complaint is that it fails to state that the property is detained in the county where the suit was brought. This is not necessary under the statute. Section 1547, R. S. 1881. See, also, *Hoke* v. *Applegate*, 92 Ind. 570; *Hodson* v. *Warner*, 60 Ind. 214.

The next specification of error is in reference to some instructions given by the court of its own motion, and its refusal to give others requested by the appellant.

We have examined the instructions given, and find them correct statements of propositions of law in the abstract. The court certifies, under the last clause of section 650, R. S. 1881, that they were applicable to the evidence. The evidence itself not being in the record, we must presume that such certification was truthfully made. It must be shown that the instruction was presumably injurious to the party complaining of it before this court will reverse a case because of the inapplicability of the instruction to the evidence. *Stockton* v. *Stockton*, 73 Ind. 510.

As to the instructions requested and not given, we think, in so far as they contain correct statements of the law, they are fully embraced in the instructions given by the court of its own motion.

The last specification of error is that the court erred in admitting certain testimony on the cross-examination of a witness. The relevancy of this testimony depends upon whether or not there was other testimony in the case, given either before or after the ruling complained of, to which it would be applicable, either in corroboration or rebuttal. As the evidence is not in the record we can not judicially know whether the testimony admitted was thus applicable or not, and hence we can not say it was error in the court to admit it.

We find no error in the record for which we think the judgment should be reversed.

. Judgment affirmed, with costs.

Filed April 16, 1891.