No. 855.

THE BANK OF WESTFIELD *v.* INMAN ET AL.

HARMLESS ERROR.—*Error Cured by Instruction.—Recovery.—Pleading, Bill of Particulars.*—In an action on account, the party is restricted, on recovery, to the items designated in the bill of particulars, and where evidence of items not so included is given, which might have been embraced in the verdict, any error which otherwise might have occurred will be deemed cured by an instruction that "the defendant would not be entitled to a verdict against the plaintiff on any item not included in such bill of particulars."

EVIDENCE.—*Subsidiary or Corroborative Fact.*—When the principal fact is given in evidence without objection, it is not reversible error to give in evidence a subsidiary or corroborative fact.

INSTRUCTIONS TO JURY.—*Items of Account.—Restricting Consideration of Jury.—Exclusiveness.—Erroneous.*—Where many matters are given in evidence, among which are several hundred items of account, conversations, notes, and bank checks, without objection, an instruction which singles out three items of account and says, "these are all the matters proper for you to consider in arriving at a conclusion as to whether the defendant  *  *  was indebted to plaintiff at the date of the execution of the note in suit, and as to whether the plaintiff is now, in fact, indebted to the defendant," is erroneous, the phrase, "these are all the matters," etc., conveying the idea of exclusiveness, *i. e.*, the only matters.

Opinion on petition for rehearing *per curiam.*

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis* and *A. K. Kane,* for appellant.

*W. R. Fertig, H. J. Alexander* and *W. S. Christian,* for appellees.

LOTZ, J.—The appellant sued the appellees upon a promissory note. The appellees answered jointly that the note was executed without any consideration. The appellee Robert C. Inman filed a separate answer of two paragraphs. The first paragraph of his separate answer alleged, that he was the principal, and the other appellees were his sureties; that the appellant was, at the time of the execution of the note, and at the time of filing his answer, indebted to him in the sum of fifteen hundred dollars for money had and received for his use, and which had been converted to the use of appellant.

The second paragraph of the separate answer averred that he executed the note as principal, for an alleged overdraft; that in fact there was no overdraft, but that by reason of divers errors, overcharges, and omissions in his account as a customer and depositor in said bank, there was fifteen hundred dollars due him, for which he prayed judgment. A bill of particulars was filed with each of these paragraphs, in which certain errors were specifically pointed out, and it was also stated that there were other errors in the account, which appellee was then unable to specify. No question is raised as to the sufficiency of the answer. There was a trial by jury, and a general verdict for all the appellees on the complaint, and a verdict for $1,076.92 in favor of the appellee Robert C. Inman, on his separate answers. There were no interrogatories submitted to the jury. A motion for a new trial was filed and overruled. After this ruling, and at the same term of the court, appellant filed another motion for a new trial on the ground of newly discovered evidence. The ruling upon each of these motions is assigned as error. Appellant earnestly insists that the verdict is not supported by the evidence, and that there is error in the assessment of the amount of recovery in favor of appellee Robert C. Inman.

It appears from the evidence that the appellee Robert C. Inman was engaged in buying and selling live stock, and that he did business through appellant's bank, borrowed money, discounted notes, made deposits there, and gave checks upon it. The business extended over a period of more than two years, and in the aggregate a large sum of money was deposited and checked out of said bank. The whole account of the dealings between them was given in evidence. We have looked into the evidence, and while we may have doubts as to the correctness of the verdict, yet under the familiar rule where there is any evidence tending to support the verdict the appellate courts will not disturb the judgment on such grounds. Appellant insists, that it is apparent that the jury included one item of $750 in the verdict which was not contained in the bill of particulars; that this was erroneous, and renders the amount of recovery too large. Whether or not under the pleadings the appellee was confined to the items specifically designated in the bill of particulars, we need not decide. The whole account of debit and credit, including several hundred items, was given in evidence without any objection except as to a few items. In this condition of the evidence, it is difficult to determine what items were or were not considered by the jury in reaching the verdict. The court expressly instructed the jury that "the defendant would not be entitled to a verdict against the plaintiff on any item not included in such bill of particulars." In the condition of the evidence, this court will presume that the jury followed the instruction given, and that the verdict contained only such items as were set out in the bill of particulars.

Another cause assigned for a new trial is that the court erred upon the trial in allowing the appellee Robert C.

Inman to testify relative to the execution of a note for $750 about the time of the purchase of a lot of hogs from one Roberts, and the payment of said note, for which he claimed he did not receive credit or money. This item was not embraced in the bill of particulars, and for that reason it is contended that the evidence was erroneously admitted. At no time on the trial was the objection raised that this item was not in the bill of particulars. The record shows that the appellee testified that he had made a note to the bank for $750, which should have been, but was not, credited to his account, and that he drew a check to Roberts on the same day for the amount, and paid the note off within a day or two afterwards, but received neither credit for the note nor for the money paid in its discharge. He then offered the check in evidence. To this the appellant objected, on the ground that the check was not in controversy. The principal fact to which the appellee's testimony related upon this point, was that he had made his note and paid it off, and had not received credit, although the note was charged against him in the account.

Where the principal fact is given in evidence without objection, it is not reversible error to give in evidence a subsidiary or corroborative fact.

Another cause for which a new trial was asked is that the court erred in giving to the jury a certain instruction prepared and asked by the appellee Robert C. Inman. The instruction is in these words: "If the defendant R. C. Inman executed his note to the plaintiff's bank for $950, and received credit on his deposit account for such note, in the sum of $949, being the amount of said note less the discount, and afterwards paid off said note in full by the payment of cash into the bank, for which he received no credit on said deposit account, and the amount of note, $950, was afterwards charged against

him along with checks drawn on said account, or if the defendant executed a note to said bank for $750, and did not receive any money thereon, and did not receive credit therefor on his deposit account nor otherwise, and afterwards paid the said note in cash to the bank, and received no credit for the money so paid, and in like manner if the defendant made a note to said bank, $123.52, for which he received no credit for the money so paid, these are all the matters proper for you to consider in arriving at a conclusion as to whether the defendant Robert C. Inman was indebted to plaintiff at the date of the execution of the note in suit, and as to whether the plaintiff is now in fact indebted to the defendant Robert C. Inman.''

Appellees' learned counsel have not favored us with a discussion of this alleged error, and we are left in the dark as to their theory of its correctness.

These three items, the $950 note, the $750 note and the note for $123.52, are singled out by the instruction, and the jury are told that ''these are all the matters proper * * to consider'' in determining whether Robert C. Inman was indebted to the plaintiff, or whether the plaintiff was indebted to Robert C. Inman. The use of the phrase, ''these are all the matters,'' conveys the idea of exclusiveness; that is to say, the only matters. If this is the proper construction to be put upon the instruction, standing alone, we do not see upon what theory it can be upheld.

There were many matters given in evidence, there were several hundred items of account, various conversations, notes and bank checks introduced by both parties without objection, and yet the jury are told that it is proper to consider only three matters.

If the article ''the'' before the word ''matters'' was omitted, we see no objection to it, for it would then say

to the jury "these are all matters proper for you to consider." But the definite article "the" before the word "matters" conveys the idea that the jury must consider only these three matters or things, and no other. To determine whether or not this instruction was misleading, it must be considered in connection with all the other instructions given in the case. There were a number of other instructions that directed the jury's attention to many other matters, and, under such circumstances, the jury could hardly be given to understand that these three notes were the only matters to be considered by them. The idea intended to be conveyed by the instruction, when considered in connection with the other instructions, no doubt was that there were only three items in the set-off that were in controversy, and that it would be unnecessary for the jury to consider any other.

When a fact or facts are admitted, or are undisputed, the court has the right, in instructing the jury, to treat them as proved, without invading the jury's province. But, as we understand the evidence, there were many other disputed items.

Appellees' counsel, in their brief, assert that it was another and different item than the $750 note, to wit, the $700 received from the express company, that went to make up the verdict. Again they say, in their brief, that "the whole account was involved in the controversy. The ultimate question was not as to any particular items of debits or credits, but as to the final balance."

We do not think the instruction can be justified upon any theory. If it was intended to convey the idea to the jury that there were only three items of evidence proper for them to consider, or only three matters in controversy, then it is clearly bad in the light of the record of this case, for it usurps the functions of the jury. Nor

will it do to say that the instruction limited the jury's consideration to three items in the answer of set-off, for one of these items, the $750 note, is not found in the bill of particulars. And further, if this was the intention, it is squarely contradictory of the other instruction from which we have above quoted.

This conclusion renders it unnecessary to pass upon the other questions discussed by counsel for appellant.

Judgment reversed, with instructions to grant a new trial.

DAVIS, J., having been of counsel, did not participate in this decision.

Filed May 13, 1893.

## ON PETITION FOR A REHEARING.

PER CURIAM.—It is settled by a long line of decisions that a rehearing will not be granted to enable the parties to procure a correction of the record. *Warner* v. *Campbell*, 39 Ind. 409; *Pittsburgh, etc., R. R. Co.* v. *Van Houten*, 48 Ind. 90; *Cole* v. *Allen*, 51 Ind. 122; *State, ex rel.,* v. *Terre Haute, etc., R. R. Co.*, 64 Ind. 297 (303); *Board, etc.,* v. *Hall*, 70 Ind. 469 (476); *Mansur* v. *Churchman*, 84 Ind. 573; *Robbins* v. *Magee*, 96 Ind. 174 (179); *State* v. *Dixon*, 97 Ind. 125 (126); *Board, etc.,* v. *Center Tp.*, 105 Ind. 422 (444); Elliott's App. Proced., section 556.

By section 3 of the act of February 16, 1893, Acts of 1893, p. 31, it is expressly provided that this court shall be governed in all things by the law as declared by the Supreme Court, and shall not, directly or by implication, reverse or modify any decision of that court.

Petition for rehearing overruled..

Filed June 23, 1893.