Pelley *et al. v.* Wills.

No. 17,510.

PELLEY ET AL. *v.* WILLS.

INSTRUCTIONS TO JURY.—*Relevant to Issues.—Pertinent to Evidence.—Reversal.*—Instructions to the jury should be relevant to the issue and pertinent to the evidence, otherwise it will work a reversal of the case unless harmless to appellant.

INTOXICATING LIQUORS.—*Fitness of Applicant.—Question of Fact.*—The question of the fitness of an applicant to sell intoxicating liquors is one of fact for the jury to determine, and not a question of law for the court.

SAME.—*Instruction, Erroneous.—Fitness of Applicant.—Usurping Function of Jury.*—Where the court instructed the jury that "a person to whom a license is granted is responsible for the manner in which the house is kept, but if he employ a competent and careful bartender and give him positive instructions that he is in all respects to comply with the law, and not to violate it, but notwithstanding this the bartender has, in the absence of the applicant, and without his knowledge, violated the law, this fact alone should not deprive the applicant of his right to a license," such instruction is erroneous as usurping the function of the jury.

SAME.—*Licensee's Responsibility.— Diligence.—Question of Fact.—Bartender.*—The licensee's responsibility for the manner in which the house is kept can not be avoided by hiring a competent and careful bartender and giving him instructions to obey the law. He must, in addition, use proper care and diligence to see that the business is carried on, by whomsoever he employs, in the manner required by law, and whether the licensee has exercised such diligence is a question of fact.

From the Carroll Circuit Court.

*W. C. Smith, G. W. Julian* and *L. D. Boyd,* for appellants.

MONKS, J.—This was an application made to the board of county commissioners to obtain a license to retail intoxicating liquors. The cause was appealed to the circuit court, tried by a jury and a verdict returned for appellee, and, over a motion for a new trial, judgment was rendered in favor of appellee for such license.

The only error assigned is that the court erred in over-ruling the motion for a new trial.

The causes for a new trial set out in the motion are:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. The court erred in giving instruction number four on its own motion.

4. The court erred in sustaining appellee's objection to questions asked the witness Charles Stockton on cross-examination.

It appears from the undisputed evidence that appellee, prior to the application in this cause, had been engaged in the sale of intoxicating liquor, under license, at Kirklin, in Clinton county, where he lived, and personally managed the business; that he also, during the same time, was engaged in the same business, under license, at Burlington, Carroll county, the place where he was seeking in this case to again obtain license; that the business at Burlington had, for five months prior to the trial of this cause, been in charge of a bartender called Stockton, the applicant only visiting the saloon at Burlington once or twice a week, and then not for a month or two, remaining a few hours at a time.

At the saloon in Kirklin appellee sold intoxicating liquor on Sunday, and with his knowledge and consent such saloon was used for gaming, in which he occasionally participated.

In the saloon at Burlington, managed by the bartender Stockton, liquor was sold to men in a state of intoxication, and gaming was carried on with the knowledge and consent of the said bartender, who at times took part therein.

Appellee testified that he never saw any games of

chance of any character played in the saloon at Burlington, and that he never sold or saw any one else sell intoxicating liquor to persons in a state of intoxication in said saloon.

The bartender, Stockton, testified that appellee "was not present when games of chance were played in the saloon in Burlington, and that he did not think he was present when intoxicating liquor was sold to persons in a state of intoxication."

Instruction number 4, complained of by appellants, is as follows:

"There has been some evidence given tending to prove that the applicant in this case has heretofore been granted a license to sell intoxicating liquors in less quantities than a quart at a time in the town of Burlington, but that he intrusted the management of the business to a bartender; that said bartender violated the law in selling to persons in the habit of becoming intoxicated, and that he allowed parties to shake the dice for the drinks in said place of business. A person to whom a license is granted is responsible for the manner in which the house is kept; but, if he employs a competent and careful person as bartender, and gives him positive instructions that he is in all respects to comply with the law, and not to violate it, but notwithstanding this the bartender has, in the absence of the applicant, and without his knowledge, violated the law, this fact alone should not deprive the applicant of his right to a license."

This was the only instruction given by the court in relation to the management of the saloon by a bartender or an agent in the town of Burlington.

The objections urged to this instruction are, that the same was not applicable to the evidence and that it did not state the law correctly.

It is a well settled rule that the instructions to the jury should be relevant to the issue in the case and pertinent to the evidence. *McMahon* v. *Flanders*, 64 Ind. 334; *Wallace* v. *Morgan*, 23 Ind. 399.

There was no evidence given that the bartender, Stockton, was either a competent or careful person, or that appellee gave him any instruction, positive or otherwise, that he must comply with the law. To this extent, at least, the instruction in question was not applicable to the evidence and should not have been given, and, unless harmless to the appellants, the case should be reversed therefor. *McMahon* v. *Flanders, supra; Nicklaus* v. *Burns*, 75 Ind. 93 (98); *Moore* v. *State,* 65 Ind. 382; *Hays* v. *Hynds*, 28 Ind. 531; *Summerlot* v. *Hamilton*, 121 Ind. 87.

Neither do we think the instruction contains a correct statement of the law. The statute provides that the applicant must be a fit person to be intrusted with the sale of intoxicating liquors. Section 5315, R. S. 1881.

The question of fitness is one of fact for the jury, not the court, to determine. *Hardesty* v. *Hine,* 135 Ind. 72.

The fitness of appellee, who resided at a point remote from the place where he seeks a license to sell intoxicating liquors, and who intrusts his business to the management of a bartender, would be of small importance if he could avoid responsibility in the manner stated in the instruction.

A liquor dealer is responsible for actionable injuries caused by sales of liquors made by his agent or servants, and it is no defense that such sale was made without his knowledge or against his express orders. *Barnaby* v. *Wood,* 50 Ind. 405; *Keedy* v. *Howe,* 72 Ill. 133; *Worley* v. *Spurgeon,* 38 Iowa, 465; *George* v. *Gobey,* 128 Mass. 289; 35 Am. Rep. 376, 3 Am. & Eng. Encyc. of Law, 258, 48 Am. Dec., note on page 627; Black Intoxicating Liquors, section 298.

So in this case, if the appellee's saloon was run in violation of the law, his agent selling intoxicating liquors to persons in violation of law, playing and permitting games of chance to be played in the saloon, he can not avoid the effect of such conduct by merely showing that the bartender was a competent and careful man when he employed him, and that he gave him positive instructions to comply with the law, and not to violate it, and that such violations of the law were in his absence and without his knowledge. The court well said in the instruction that "a person to whom a license is granted is responsible for the manner in which the house is kept," and it is equally true that such responsibility can not be avoided merely by hiring a competent and careful man, and giving him instructions to obey the law. He must, in addition, at least, use proper care and diligence to see that the business is carried on by whoever he employs, in the manner required by law. And whether the appellee had done this was a fact to be determined by the jury. It was the exclusive province of the jury to say what weight the facts stated in the instruction, if true, should have in determining the fitness of the appellee to be intrusted with the sale of intoxicating liquors. It is clear that the court erred in giving said instruction. *Hardesty* v. *Hine, supra; Groscop* v. *Rainer,* 111 Ind. 361; *Bronson* v. *Dunn,* 124 Ind. 252.

Stockton, appellee's bartender, and a witness for him, was asked, on cross-examination, questions in regard to whether dice were in the saloon when appellee was present, and it was claimed was playing games of chance in which dice were used.

Appellee objected to each of such questions for the reason that the same were not a proper cross-examination, which the court sustained, and appellants excepted. Witnesses had testified on behalf of appellants, that ap-

pellee had taken part in games of chance played with dice in his saloon in Burlington. He testified in his own behalf that he never had taken part in such games, and had no knowledge that any games of chance were played there.

Stockton had testified in chief that he "never saw appellee shake a game of dice with any one in the saloon in Burlington," and that appellee "was never present when a game of chance was shook between any persons."

By the examination of this witness in chief, appellee had opened the subject of his (appellee) playing games of chance in the saloon at Burlington, and his knowledge of others playing such games there, and on cross-examination appellants had the right by proper questions to go into that subject in all its details. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544, on page 557, and cases cited.

The presence of dice when the game was played was an essential fact. It would certainly have been proper to ask appellee, on cross-examination, if at the time it was claimed he participated in the game, dice were not in the saloon, or concerning anything that was essential or necessary to playing the game. The same rule applies to the cross-examination of this witness. As the judgment must be reversed for the reasons stated, it is not necessary to determine whether or not the verdict was sustained by the evidence.

The court erred in overruling the motion for a new trial.

Judgment reversed, with instructions to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.

Filed Sept. 18, 1895.