AMERICAN CAR & FOUNDRY COMPANY *v.* CLARK.

[No. 4,664.   Filed April 5, 1904.]

MASTER AND SERVANT.—*Personal Injuries.*—*Complaint.*—A complaint in an action by a servant for personal injuries sustained while operating a wood-working machine, caused by the alleged negligence of the defendant in failing to furnish springs to hold the wood in proper position as it was run over the knives is not defective for failing to aver that it was practicable to provide the springs. *p. 647.*

SAME.—*Assumption of Risk.*—*Servant Working Out of Line of Employment When Injured.*—The doctrine of assumption of risk does not

American Car, etc., Co. v. Clark.

apply where the employe is ordered to do work out of the line and away from the place of the work he is hired to do, and is so engaged when injured. *p. 647, 648.*

MASTER AND SERVANT.—*Violation of Statute.—Assumption of Risk.*— The doctrine of assumed risk does not apply where the negligence charged is the violation of §7087i Burns 1901 requiring manufacturing establishments to protect the machinery and appliances operated therein. *p. 648.*

SAME.— *Working With Defective Machine.— Contributory Negligence.— Assumption of Risk.*—The mere fact that an employe works at a defective machine is not conclusive on the question of contributory negligence. *p. 648.*

SAME.—*Assumption of Risk.—Answer.*—It is not necessary, in an action by a servant against the master for personal injuries, that the defendant set up by answer that the risk on account of which the injury complained of occurred was an assumed one, in order that he receive the benefit of that fact, since such fact may be proved under the general denial. *pp. 648, 649.*

TRIAL.—*Answers to Interrogatories.—Conflict.*—Conflicting answers to interrogatories are fatal to a motion for judgment notwithstanding the general verdict. *pp. 649.*

MASTER AND SERVANT.—*Servant Working Out of Line of Employment.— Evidence.*—In an action by a servant for personal injuries the evidence showed that plaintiff was employed in the cabinet department of defendant's shop by the foreman of that department; that the foreman told him they were going "to start to work nights," and, if he wanted to, he could work, and that a person named would assign him; that when he came to work two days thereafter he was assigned to work at the planer, and worked there eight or ten days when he was ordered to run the wood-worker; that he ran the latter machine that night and was injured the next night; that previous to the last employment he had worked three years at the planer, five or six feet distant from the wood-worker. *Held,* that the evidence was insufficient to show that he was working out of the line of his employment when injured. *pp. 650, 651.*

SAME.—*Personal Injuries.—Instruction as to Measure of Damages.*— Where in an action for personal injuries there was no evidence as to the value of any services rendered the plaintiff by a physician or surgeon, or that any medicine was furnished or nursing done, an instruction that the jury, in determining the amount of damages, "will take into consideration * * * expenses incurred for services of a physician and surgeon who attended and treated him, and for nursing and medicine," was erroneous, and the giving thereof amounted to reversible error. *pp. 651-654.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by Volta F. Clark against the American Car & Foundry Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*M. Z. Stannard* and *W. H. Watson*, for appellant.
*G. H. Voigt*, for appellee.

ROBY, J.—Action by appellee, verdict and judgment for $1,500. Complaint in three paragraphs. Verdict based on first and third. Separate demurrers thereto were overruled.

The facts set up in the first paragraph are, substantially, that appellant is a manufacturer of cars at Clarksville, Clark county, Indiana, and, in one of the departments of its plant, maintained and operated a machine called a "wood-worker," used to cut wood into desired shapes, and for that purpose supplied with knives attached to a shaft, which, when the machine was operated, revolved, bringing said knives in contact with wood placed on a table and run over said knives, which said machine should have been supplied with springs to hold said wood in proper position as it was run over said knives, but appellant, well knowing that said machine was not supplied with such springs, negligently failed to provide them; that on January 28, 1902, appellee was employed by appellant to operate a planing-machine, at said plant, and, under his contract, he was not required to perform any other or different service; that he operated said planing-machine under said employment, and while so employed, on the 1st day of February, 1902, was directed and required by appellant temporarily to leave said employment and operate said wood-worker, and in obedience to such direction he did temporarily leave said employment and engage in the operation of the wood-worker. While so engaged he placed a piece of wood on the table, and proceeded to run it over said knives for the purpose of cutting it into desired shape, and while so engaged he was, by the absence of such springs, required to hold such wood in position with his hands as it passed over said knives,

and, while so holding it, the same was by the operation of the machine suddenly turned, thereby causing one of his hands to come in contact with said knives, cutting off part of two fingers; that said injury was caused by appellant's act in directing him to leave his regular employment and engage in the operation of the wood-worker, and its negligent failure to supply said machine with springs, as aforesaid; that had it been so supplied he would not have been required to hold said wood in position with his hands as it passed over said knives, and would not have been injured; that the work he was doing was different from, and more hazardous, than that he was employed to do, and was done at another place than that of his regular employment. All of which appellant knew. Wherefore, etc.

The third paragraph differs from the first in the charge of negligence. It is averred that there was danger in operating the machine, as appellant knew, and that a guard could have been placed thereon without interference with the proper operation of the machine, which would have prevented any injury from said danger, but appellant, well knowing that it had not been done, then and there, and in violation of the statute, negligently failed to provide said machine with such guard, it being then and there without such guard, by reason of which appellee was injured, etc.

The complaint is skilfully drawn, and the briefs filed in this court by both parties are model ones. The first paragraph is not defective in failing to aver that it was practicable to provide the springs which it is averred should have been provided and were negligently not provided. The absence of springs is not averred to have been unknown to appellee, nor to have constituted a latent or unobservable defect. The risk would therefore be an assumed risk, except for the further allegation as to the temporary change of employment. The doctrine of the assumption of risk does not apply where the employe is ordered to do work out of the line and away from the place

of the work he is hired to do, and is so engaged when injured. *Clark County Cement Co.* v. *Wright,* 16 Ind. App. 630. The first paragraph therefore stated a cause of action.

The act of 1899 (Acts 1899, p. 231, §7087i Burns 1901) makes it the duty of an owner of a manufacturing establishment to protect the machines operated therein: "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded." *Buehner Chair Co.* v. *Feulner,* 28 Ind. App. 479. The averments are that appellant negligently failed to perform the duty thus enjoined upon it, and are sufficient.

The doctrine of assumed risk does not apply where the negligence counted upon is the violation of this positive and explicit statute. *Monteith* v. *Kokomo, etc., Co.,* 159 Ind. 149; *Buehner Chair Co.* v. *Feulner, supra; Wortman* v. *Minich,* 28 Ind. App. 31; *Davis Coal Co.* v. *Polland,* 158 Ind. 607, 92 Am. St. 319. In so far as *Bodell* v. *Brazil Block Coal Co.,* 25 Ind. App. 654, holds otherwise, it has ceased to be authority.

The facts averred do not include a description of the conduct of appellee at the time he was injured, and, in their absence, contributory negligence cannot be determined. It will not do to say that the mere fact that an employe works at a defective machine concludes the question of contributory negligence against him. The doctrine of assumed risk covers that phase. A man may be careful while working with a dangerous machine. "Assumption of risk is a matter of contract. Contributory negligence is a question of conduct." *Davis Coal Co.* v. *Polland, supra.* The complaint was not subject to the objection that contributory negligence affirmatively appeared therefrom, and the demurrers were properly overruled.

Appellant filed an answer in two paragraphs to the first paragraph of complaint; (1) A general denial; (2) that

American Car, etc., Co. v. Clark.

the danger by reason of which appellee was injured was open and obvious, and therefore an assumed risk. A demurrer to the second paragraph of answer was sustained, and *Umback* v. *Lake Shore, etc., R. Co.,* 83 Ind. 191, is relied upon in support of the error assigned therein. In that case a demurrer was overruled to an answer similar to the one under consideration. The plaintiff could not have been injured thereby. It is not necessary, under our decisions, that the defendant set up by answer that the risk on account of which the injury complained of occurred was an assumed one, in order that he receive the benefit of that fact, and it was not error to sustain a demurrer to the second paragraph of answer.

Appellant's motion for judgment on the answers to interrogatories was overruled. It asserts that such action was erroneous, for the reason that it is disclosed by such answers that appellee's employment was not limited as averred in the first paragraph of his complaint. Without setting out the interrogatories and answers relied upon, it is sufficient to say that, according to an answer to one interrogatory, he was, at the time he was injured, engaged in other work than that he was employed to perform. Conflicting answers to interrogatories are fatal to a motion for judgment notwithstanding the general verdict.

What has heretofore been said upon the subject of contributory negligence applies to the motion for judgment, as well as to the ruling on the demurrer to the complaint. The facts considered in *Buehner Chair Co.* v. *Feulner, supra,* were not limited to the character of the machine, and the exposure of all its parts to the operator's view, but included a failure to look while he was operating it, and the placing of his arm or hand under the bit, by which he was injured, without any necessity for so doing. The court did not err in overruling the motion for judgment.

The ninth assignment of error is that the court erred in overruling appellant's motion for a new trial. The motion questions the sufficiency of the evidence to sustain the verdict, and the action of the court in giving and refusing specified instructions.

The theory of the first paragraph of the complaint is that appellee was employed to operate a planer, and that he was required by appellant to leave, temporarily, his regular employment and engage in the operation of a wood-worker, the latter being a more hazardous occupation than that which he had contracted to perform. The evidence of the appellee—and there is none in the record more favorable to himself, nor conflicting with it—is that he was employed in the cabinet department of appellant's shop by the foreman of that department, who told him they were going "to start to work nights," and if he wanted to he could work, and that Mr. Walker would assign him. This conversation took place on Saturday, and on Monday he reported for work, and was told by the foreman to go to the new planer, which he did, working there eight or ten days. The night before he was injured the night foreman said to him: "Clark, you run the wood-worker, Dick Rouerk is off; he won't be here." Appellee ran the latter machine that night, and was injured the next night. He worked the second night until about 2:30 a. m. "I wanted to run another machine—a sticker—but that would leave the wood-worker standing idle." He had, previous to the last employment, worked at the planer three years, five or six feet distant from the wood-worker, and was familiar with it. The evidence does not show that the appellee was employed to work at the planer. There was nothing in the contract relative to the machine at which he was to work. He was employed in the department, and might have been assigned by the foreman to the wood-worker in the first instance, as he was in the last. The facts stated do not bring the case within the rule stated, nor within its reason, and

the evidence was therefore insufficient to sustain the verdict upon the first paragraph of the complaint. The judgment therefore rests upon the third paragraph of complaint, and, it stating sufficient facts to constitute a cause of action, is not wholly unsupported by evidence as to any material allegation.

The ninth instruction given was as follows: "In determining the amount of damages you will assess, if you find a verdict for the plaintiff, you *will* take into consideration the character, nature, and extent of his injuries, the pain and physical suffering and the mental anguish caused thereby, the loss of his services and value thereof, and *expenses incurred for services of physician and surgeon who attended and treated him, and for nursing and medicine,* and to what extent his ability to earn a livelihood has been impaired by reason of his injuries, and assess him such damages as will reasonably and *fully* compensate him for his injuries, not to exceed the amount asked for in the complaint." Objection is made to that part which is italicized.

There was no evidence as to the value of any services rendered to appellee by a physician or surgeon, or that any medicine was furnished or nursing done. Instructions should be pertinent to the evidence in the case. *Adams v. Vanderbeck,* 148 Ind. 92, 62 Am. St. 497; *Blough v. Parry,* 144 Ind. 463; *Lake Erie, etc., R. Co. v. Stick,* 143 Ind. 449, 466; *Pelley v. Wills,* 141 Ind. 688, 691; *Lindley v. Sullivan,* 133 Ind. 588; *Summerlot v. Hamilton,* 121 Ind. 87; *Nicklaus v. Burns,* 75 Ind. 93; *Moore v. State,* 65 Ind. 382; *McMahon v. Flanders,* 64 Ind. 334; *Hill v. Newman,* 47 Ind. 187; *Hays v. Hynds,* 28 Ind. 531; *Citizens St. R. Co. v. Hoffbauer,* 23 Ind. App. 614. "Instructions should be pertinent to the case. Juries are apt to assume, and are justified in assuming, that they are applicable." *Hays v. Hynds, supra; Lindley v. Sullivan, supra; Blough v. Parry, supra.* "Jurors are liable enough to consider matters outside of the evidence, without being led off

in that direction by instructions by the court. Such practice is well calculated to confuse and mislead the jury." *Nicklaus* v. *Burns, supra; Blough* v. *Parry, supra; McMahon* v. *Flanders, supra; Palmer* v. *Wright,* 58 Ind. 486; *Clem* v. *State,* 31 Ind. 480; *Swank* v. *Nichols,* 24 Ind. 199; *Wallace* v. *Morgan,* 23 Ind. 399, 409; *City of Delphi* v. *Lowery,* 74 Ind. 520, 39 Am. Rep. 98; *Durham* v. *Smith,* 120 Ind. 463. "When instructions given are contradictory, and necessarily tend to confuse and mislead the jury, or when they are not applicable to the evidence, and are liable to have a like effect, the error cannot be regarded as a harmless one." *Summerlot* v. *Hamilton, supra; Hill* v. *Newman, supra; McMahon* v. *Flanders, supra; Moore* v. *State, supra; Nicklaus* v. *Burns, supra; Evans* v. *Gallantine,* 57 Ind. 367; *Terry* v. *Shively,* 64 Ind. 106; *Howe Machine Co.* v. *Reber,* 66 Ind. 498. When it appears from the record that an erroneous instruction did not injuriously affect the rights of the complaining party, the judgment will not be reversed on account of its having been given. *Haxton* v. *McClaren,* 132 Ind. 235, 247; *Perry* v. *Makemson,* 103 Ind. 300; *Wolfe* v. *Pugh,* 101 Ind. 293; *Evansville, etc., R. Co.* v. *Darting,* 6 Ind. App. 375; *McCall* v. *Seevers,* 5 Ind. 187; *Stockton* v. *Stockton,* 73 Ind. 510, 514; *Lytton* v. *Baird,* 95 Ind. 349, 357; *Louisville, etc., R. Co.* v. *Falvey,* 104 Ind. 409, 429.

Section 401 Burns 1901 provides that no judgment shall be reversed for error in the proceedings which does not injuriously affect the adverse party. Section 670 Burns 1901, that there shall be no reversal "where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." It has always been held, where these provisions are invoked, that the record must be such as to show that the error complained of did not affect the appellant's substantial rights. *City of Lafayette* v. *Ashby,* 8 Ind. App. 214; *Rush* v. *Thompson,*

112 Ind. 158; *Lynch* v. *Bates,* 139 Ind. 206; *Kepler* v. *Conkling,* 89 Ind. 392; *Sessengut* v. *Posey,* 67 Ind. 408, 33 Am. Rep. 98; *Bissel* v. *Wert,* 35 Ind. 54.

When the court said to the jury that in determining the amount of damages "you will take into consideration * * * expenses incurred for services of physician and surgeon who attended and treated him, and for nursing and medicine, * * * and award him such damages as will reasonably and fully compensate him," it thereby, in peremptory phrase, directed that elements of damages be considered which had not been proved. In the absence of such proof such elements ought not to have been taken into account, and the instruction was wrong. *Chicago, etc., R. Co.* v. *Butler,* 10 Ind. App. 244, 259. It has been held that the absence of any evidence as to the existence of elements of damage rendered instructions similar to that under consideration harmless, where they included a direction to find from the evidence—a direction which was not included in the instruction under consideration. *Ohio, etc., R. Co.* v. *Stein,* 140 Ind. 61; *City of Indianapolis* v. *Scott,* 72 Ind. 196; *Louisville, etc., R. Co.* v. *Falvey, supra; Pittsburgh, etc., R. Co.* v. *Carlson,* 24 Ind. App. 559; *Citizens St. R. Co.* v. *Hoffbauer, supra.*

In so far as these cases are based upon their own particular facts, from which the harmlessness of the erroneous instructions appeared, their authority does not govern this case; and there is no room in this case to apply the presumption that the jury did not find anything except from the evidence, or consider any matter not shown by the evidence, for the reason that it is the duty of the court to state the law, and the duty of the jury to take it as stated. The presumption is that the law was correctly stated (§542 Burns 1901, sub. 5; *Herron* v. *State,* 17 Ind. App. 161), and that the instructions were followed by the jury: *Walworth* v. *Town of Readsboro,* 24 Vt. 252; *Pettibone* v. *Maclem,* 45 Mich. 381, 8 N. W. 84; *Stanton* v. *French,* 91 Cal.

274, 27 Pac. 657, 25 Am. St. 174; *Bank of Westfield* v. *Inman,* 8 Ind. App. 239. This is nothing more than an application of the presumption of right action, to the benefit of which every court and officer is entitled. *Board, etc.,* v. *Cincinnati, etc., Co.,* 128 Ind. 240; *Parvin* v. *Wineberg,* 130 Ind. 561, 30 Am. St. 254; Lawson, Presumptive Ev., (2d ed.), 67, 98. "It constitutes reversible error if inapplicable instructions tend to injure the complaining party." *Robinson* v. *State,* 152 Ind. 304; *Stockton* v. *Stockton,* 73 Ind. 510. "If an instruction is given concerning a fact, or set of facts, to which no evidence has been adduced, it will be reversible error unless it clearly appears that the party affected was not harmed thereby." *Hanes* v. *State,* 155 Ind. 112, 118, and cases cited; 1 Blashfield, Instructions to Juries, §377. In the absence of an instruction which it is bound to follow, the jury will be presumed to have considered only those matters shown by the evidence, but this presumption must give way to the one above stated.

The verdict of $1,500, when considered with reference to the character and extent of the injury complained of, does not permit it to be said that the elements of damage erroneously stated in the ninth instruction were not taken into account. It is at least possible that the verdict was affected by speculation as to what was the probable value of such service as would probably be rendered necessary by injuries such as appellee received. The defendant is as much entitled to have damages assessed in accordance with the law as it is to have its original liability determined with reference thereto.

Other questions argued are not likely to arise in a retrial of the cause.

Judgment reversed and cause remanded, with instructions to sustain motion for new trial. Henley, C. J., Wiley, Comstock and Black, JJ., concur.

Robinson, J.—I concur in the result. The doctrine announced in *Bodell* v. *Brazil Block Coal Co.,* 25 Ind. App.

654, as to assumption of risk in such cases, was overruled by the Supreme Court in *Davis Coal Co.* v. *Polland,* 158 Ind. 607, 92 Am. St. 319.