May Term,
1858.

Howe
v.
The State.

---

## Howe *v.* The State.

A person is not liable to a criminal prosecution for destroying timber on lands of which he holds possession by virtue of a fraudulent contract of purchase.

*Wednesday, June 23.*

APPEAL from the *Allen* Circuit Court.

HANNA, J.—This was an indictment found at the *February* term, 1853, of the *Allen* Circuit Court.

The first error assigned is, that the Circuit Court had no jurisdiction. This has already been several times decided by this Court. *Lawrie* v. *The State,* 5 Ind. R. 525. —*Id.* 162.—*Id.* 212.

The next point is, that improper evidence was admitted on the part of the state. The bill of exceptions is, that the Court " permitted the state to introduce further evidence tending to show that defendant procured said contract from said *Jenks* by fraud." This indictment was for cutting trees upon the lands of another. The defendant had given evidence tending to show that he held and occupied said lands by a written agreement between one *Jenks* and himself to purchase the same; and as rebutting this, the Court permitted evidence, as above stated, to be given.

Is a man liable to a criminal prosecution for a trespass, for destroying timber upon lands which he holds possession of by virtue of a contract obtained by fraud?

We think that a criminal prosecution cannot be maintained under the circumstances involved in this case. If any other ruling was to prevail, a man might be liable to prosecutions for acts committed whilst in the possession of lands under contracts declared fraudulent at the end of a long and doubtful law-suit, in the nature of a chancery proceeding. *Regina* v. *Dodson*, 9 Ad. & El. 704.— *Goforth* v. *The State*, 8 Humph. 37.— *Dye* v. *The Commonwealth*, 7 Grattan, 662.

*Per Curiam.*—The judgment is reversed.

*D. H. Colerick*, for the appellant.

*D. C. Chipman* and *J. W. Gordon*, for the state.