Filed June 5, 1890.

———————

## No. 14,377.

## BRONSON v. DUNN ET AL.

INTOXICATING LIQUOR.—*Applicant for License.*—*Answers to Interrogatories.*—*Verdict.*—Where it appears from the answers to interrogatories that the applicant for license while previously engaged in the liquor business had sold to persons in the habit of becoming intoxicated; that he did not keep an orderly house, and is not a fit person to be intrusted with the sale of intoxicating liquors, he is not entitled to a judgment on such answers.

SAME.—*Erroneous Instruction.*—*Reversal of Judgment.*—An instruction ascribing to intoxicating liquors qualities not known to exist as a matter of law, but which may exist as a matter of fact, is erroneous; but such instruction will not lead to a reversal of the judgment refusing a license to an applicant who is shown by facts disconnected from the subject upon which the instruction was given to be a person not fit to be intrusted with a license.

From the Hamilton Circuit Court.

*W. Booth* and *C. D. Potter*, for appellant.

*J. R. Gray* and *R. Collins*, for appellees.

COFFEY, J.—This was an application made by the appellant before the board of county commissioners to obtain a license to retail intoxicating liquors.

The cause was appealed to the circuit court, where it was tried by a jury, resulting in a verdict and judgment against the appellant. With the general verdict the jury returned answers to interrogatories.

From the judgment of the circuit court the appellant appeals to this court, and assigns as error :

*First.* That the circuit court erred in overruling the motion of the appellant for judgment in his favor notwithstanding the general verdict.

*Second.* That the circuit court erred in overruling the motion of the appellant for a new trial.

It appears from the answers to interrogatories returned by the jury, that the appellant, prior to his present application, had been engaged in the business of retailing intoxicating liquors ; that while so engaged he sold to persons in the habit of becoming intoxicated ; that he did not keep an orderly house, as required by law, and was incapable of keeping such a house, and that he is not a fit person to be intrusted with the sale of intoxicating liquors.

With these facts appearing upon the face of the answers to the interrogatories, we do not think the court erred in overruling appellant's motion for judgment in his favor on said answers notwithstanding the general verdict against him.

It is also argued by the appellant that the court erred in giving to the jury instructions numbers one, two and three.

Instructions one and three state the law correctly, and there was no error in giving them to the jury.

Instruction number two is erroneous in ascribing to intoxicating liquor qualities which we do not know to exist as matter of law, but which may exist as a matter of fact. It is the province of the court, in its instructions to the jury, to state the law of the case, and the questions of fact should be left to the jury.   But as the qualities of intoxicating liquor were not a question involved in the issues, we are unable to say that the judgment should be reversed for the error above named in view of the fact that the judgment is right on the facts, as developed by the answers to interrogatories, independent of the question to which the instruction relates.

Section 658, R. S. 1881, provides that no judgment shall " be stayed or reversed, in whole or in part, * * * where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

There is evidence in the record tending to support the general verdict, and the answers returned by the jury to the interrogatories.

That the appellant, when intrusted with the license, sold to persons in the habit of becoming intoxicated, and failed to keep an orderly house, were facts sufficient to authorize the refusal of his present application, and they are facts wholly disconnected from the subject upon which the erroneous instruction was given. We are of the opinion, therefore, that the judgment should not be reversed on account of the giving of the instruction of which complaint is made.

Judgment affirmed.

Filed June 5, 1890.