Hardesty *et al. v.* Hine.

Filed Sept. 21, 1893.

◆

No. 16,306.

## HARDESTY ET AL. *v.* HINE.

LIQUOR LAW.—*License.—Remonstrance.—Amendment of to Make More Specific.— When Error to Disallow.—Discretion.*—It is error, as abuse of discretion, for the court, in an application for liquor license, to refuse to allow the remonstrators to make the remonstrance more specific, when such application was made before the jury was impaneled and sworn, and before any witness was sworn, where such a motion would necessarily have been granted, if made by the applicant for license, such amendments being clearly in the interests of a fair trial.

Hardesty *et al. v.* Hine.

SAME.—*Remonstrance.—Evidence.—Allowing Minors to Congregate.—Gambling With Minors.*—In an application for liquor license, remonstrators may show that the applicant, at various times, as saloon keeper, under a previous license, allowed minors to be about a pool table in his saloon, and that he threw dice with a minor in his saloon, when things of value were won and lost.

SAME.—*Instructions to Jury.—Province of Court, of Jury.*—Where the court, in an application for license to sell intoxicating liquor, instructed the jury, in substance, that if the applicant did throw dice with a certain minor to ascertain who should buy the lemonade, and, also, as to who should buy the beer, and did play pool with a minor in his saloon, these facts alone would not be sufficient to defeat his application, but the jury must consider such facts in connection with all the other facts given in the cause, to determine the fitness of the applicant, such instruction is clearly erroneous, it not being within the province of the court to take from the jury the facts necessary to determine the fitness of the applicant.

From the Boone Circuit Court.

*P. H. Dutch,* for appellants.

*S. M. Ralston* and *M. Keefe,* for appellee.

HOWARD, J.—On appeal from the board of county commissioners, the appellee, over the remonstrance of the appellants, was granted a license to sell intoxicating liquors.

It is contended that the court erred in refusing to allow the appellants to make their remonstrance, as filed before the commissioners, more specific, and to file additional specifications thereto. The motion to so amend the remonstrance, and make it more specific, was filed before any witnesses were sworn and before the impaneling of the jury.

In *Stockwell* v. *Brant,* 97 Ind. 474, it was said: "The general rule is that appeals from the county board are tried in the circuit court on the issues made before the county board. * * * But the issues made below are subject to proper amendments in the appellate court under the general rules of law. * * * In *Goodwin* v.

*Smith,* 72 Ind. 113, which was an application for a liquor license, this court said: 'In highway cases, the practice has uniformly been to permit such amendments, and we can see no reason why the same rule should not apply to the class of cases to which the one under discussion belongs.' " *State* v. *Vierling,* 33 Ind. 99; *Blair* v. *Kilpatrick,* 40 Ind. 312.

Had the appellee seen fit to move the court to require the appellants to make their remonstrance more specific, we think the motion would necessarily have been sustained. For a still better reason, we are of opinion that appellants themselves should have been permitted to amend their own remonstrance by making the same more definite and particular. The object in view was certainly one in the interests of a fair trial of the case upon its merits, namely, to bring all the facts before the jury. It was no part of the functions of the court to do aught that might aid in the concealment of these facts.

While it was, of course, within the sound discretion of the court to grant or refuse the request of the appellants, as made, nevertheless we are constrained to conclude that, under the circumstances, there was an abuse of the discretion of the court in refusing to allow the amendment.

The appellants offered to prove that, at various times, minors were allowed and permitted to be about the pool table in the saloon, when it was under the care, management and control of the appellee, and that the appellee threw dice with a minor in said saloon, when things of value were won and lost. The evidence was objected to, and the objection sustained by the court.

We think such evidence competent, to show the character of the applicant and his fitness to conduct a saloon. The appellants had alleged in their remonstrance that the appellee, while the owner of the premises described

in his application and while employed in said saloon during the past year, ''has unlawfully suffered and permitted minors to play pool therein, and has unlawfully suffered minors to congregate in and about a pool table, kept therein, and has himself, within the last year in said saloon, played pool with minors upon the pool table kept therein, at divers times.''

In *Stockwell* v. *Brant, supra,* it was held that it was for the jury to determine whether a liquor seller, about whose premises drunken men were in the habit of congregating, was a fit person to receive the license which he was seeking. It was a still greater wrong, in this case, for the appellee to allow minors to congregate about the pool table and to play upon it, and even to play with them himself. The offered evidence should have been admitted. *Groscop* v. *Rainier,* 111 Ind. 361; *Bronson* v. *Dunn,* 124 Ind. 252.

Complaint is made that many of the instructions of the court were incorrect, amongst them the following:

''If you find from the evidence given in the cause that the applicant, Edward Hine, Sr., did throw dice with one Daniel Kinney to ascertain who should buy the lemonade, and also threw dice with one Christy, a minor, to see which of the two should buy the beer, and also played pool with one Lawrence Wysong, a minor,—these facts alone would not be sufficient to defeat his application, but the jury should consider these facts in connection with all the other evidence given in the cause in determining the question of the fitness of the applicant to be entrusted with a license to sell intoxicating liquors.''

If the facts stated in the charge would not be sufficient to defeat the application, it is difficult to see what degree of moral obtuseness the court might consider sufficient to show the applicant's unfitness to be entrusted with a license. Few greater crimes against so-

ciety can be conceived than that of the moral pollution of our youth. R. S. 1881, sections 2080, 2081, 2088. But these were questions of fact for the exclusive consideration of the jury, and not for the trial court nor for this court to decide as questions of law.

It was not for the court to take from the jury the facts necessary to determine the fitness of the applicant for the trust which he asked them to confide to him.

"The immorality of the act mentioned in the instruction, and the fitness or unfitness of the applicant to obtain a license, were questions of fact for the jury to decide from the evidence before them, and with which the court had no right to interfere." *Keiser* v. *Lines*, 57 Ind. 431.

The evidence admitted on the trial shows that the saloon, when managed and controlled by the appellee, and with his knowledge and consent, was frequented by minors, and was used for gaming, with very little pretense of secrecy. We think the motion for a new trial should have been sustained. *Hamilton* v. *State*, 75 Ind. 586; *Commonwealth* v. *Taylor*, 14 Gray, 391; *People* v. *Sergeant*, 8 Cow. *139; *State* v. *Leighton*, 23 N. H. 167; *Bachellor* v. *State*, 10 Tex. 258.

The judgment is reversed, with instruction to sustain the motion for a new trial and for further proceedings in accordance with this opinion.

Filed Sept. 20, 1893.