Lynch *v.* Bates *et al.*

No. 17,068.

## LYNCH *v.* BATES ET AL.

INSTRUCTIONS TO JURY.—*Intoxicating Liquors.*—*Application for License to Sell.*—*Duty of Jury.*—"*Lobby.*"—In a case involving the fitness of an applicant for liquor license, the court refused the following instruction: "In passing upon this case, you will be governed by the law and the evidence, and it is your duty not to allow yourselves to be influenced by the presence of a lobby in the court room opposed to the granting of the plaintiff's petition."

*Held*, that in so far as the instruction informed the jury that they should decide the case according to the law and the evidence, free from passion or prejudice, and without being influenced by public sentiment or popular clamor, it was correct; but in so far as it characterized the people in attendance upon court as a lobby who had packed the court room with intent to influence the jury to decide the case without regard to the evidence, the instruction was objectionable, as being itself calculated to prejudice the jury against the remonstrants.

SAME.—*Credibility of Witnesses.*—*Stated Generally.*—Where, in instructing the jury, the credit that ought to be given to witnesses is stated generally, without making particular allusion to any witness or class of witnesses in the case, there can be no well founded objection thereto.

SAME.—"*Should*" *and* "*May.*"—*Province of Jury.*—In such case, the matter predicated should be introduced by the word "may" instead of "should," as the word "should" in that connection seems, in a measure, to invade the province of the jury.

INTOXICATING LIQUORS.—*License to Sell.*—*Fitness of Applicant.*—*Instruction to Jury.*—*Intoxication.*—*Law and Fact.*—Where, in an application for license to sell intoxicating liquors, the court instructed the jury, in substance, that if they find that the petitioner has been intoxicated in a public place, they should refuse him a license, is erroneous. From the fact that it is a misdemeanor, subject to a fine, for a person, even on one occasion, to become intoxicated in a public place, it does not follow, as a matter of law, that such a person is disqualified, under the law, to obtain a license.

SAME.—*Judgment Correct Upon Merits of Case.*—*Reversible Error.*— That there was evidence tending to support certain other charges of immorality and unfitness on the part of the applicant, can not avail to satisfy the mind of the court that the verdict of the jury was based upon such charges and evidence, and the court can not say

that the judgment is right upon the merits of the case, the evidence not all being in the record, and the facts not being fully found.

From the Howard Circuit Court.

*J. F. Morrison, J. E. Holman, J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellant.

*J. O'Brien* and *C. Wolf,* for appellees.

HOWARD, J.—The appellant made application to the board of commissioners of Howard county for a license to sell intoxicating liquors. The appellees filed a remonstrance to the granting of the petition. Upon a hearing had the board refused to grant the license; and an appeal to the circuit court resulted in a verdict and judgment for the remonstrants.

The error assigned in this court is the overruling of the motion for a new trial; and the questions discussed by counsel relate to the giving and the refusal of certain instructions to the jury.

The appeal was taken under the following provisions, contained in section 662, R. S. 1894 (section 650, R. S. 1881): "When in any case an appeal is prosecuted upon the question of the correctness of instructions given or refused, or the modifications thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause."

Bills of exceptions are properly in the record in compliance with the foregoing provisions of the statute.

Even in the absence of such statute, this court would presume, unless the contrary should appear, that there was evidence to which the instructions given were applicable. *Drinkout* v. *Eagle, etc., Works,* 90 Ind. 423; *Rozell* v. *City of Anderson,* 91 Ind. 591.

The following instructions, requested by appellant, were refused:

"11. In passing upon this case you will be governed by the law and the evidence, and it is your duty not to allow yourselves to be influenced by the presence of a lobby in the court room opposed to the granting of the plaintiff's petition."

"12. The law contemplates the public trial of causes, but it is improper for persons interested in causes, to pack the court room with their friends and partisans for the purpose of influencing the action of a jury. You will, therefore, be careful not to allow the presence in the court room of the large number of persons who are taking an active interest in behalf of the defendants and their actions and wishes (outside the evidence in the case) to influence you in favor of the defendants in making your verdict."

In so far as these instructions were calculated to inform the jury that they should decide the case according to the law and the evidence, free from passion or prejudice, and without being influenced by public sentiment or popular clamor, they were correct; but in that respect the instructions were fully supplemented by other instructions given to the jury. In so far, however, as the instructions characterized the people in attendance upon court as a lobby who had packed the court room with intent to influence the jury in partisan spirit to decide the case without regard to the evidence, we think the instructions were objectionable, as being themselves calculated to prejudice the jury against the remonstrants.

It is the right of the people to attend trials in court; and, provided such attendance is orderly and respectful of the dignity and procedure of the court, no objection can be made simply on the ground that the questions at issue are of great public interest.

It might be that in a proper case a judge would find it his duty to warn a jury against being influenced by demonstrations on the part of those in attendance upon a trial, but we do not think this was such a case. The jury were sufficiently advised as to their duty in this regard; and if the audience behaved improperly, it was the right of the court to admonish them, and of the officers of court to preserve order.

The following instruction, given by the court on its own motion, is objected to:

"1. You are the exclusive judges of the credibility of the witnesses, and the weight to which their testimony is entitled. In passing upon these questions, you should take into consideration the interest the witness has in the suit, if any; the bias or prejudice of the witness, if any be shown; the opportunity the witness had of knowing and recollecting the facts about which he has testified; the fact whether the witness has been corroborated or contradicted by other witnesses who have testified in this cause. In case there is any apparent contradiction in the testimony of the different witnesses who have testified in this case, it is your duty to attempt to harmonize such apparent contradictions so as to give full weight and credit to all the witnesses; but if you can not so reconcile such apparent contradictions, if any, so as to believe all the witnesses, then you must determine for yourselves what witnesses you will not believe."

Counsel contend that the manifest purpose and effect of this instruction was to discredit as witnesses the appellant and one of the sureties on his appeal bond in the circuit court, on account of their interest in the suit.

We can not see that there is any force in this contention. The instruction singles out no witnesses by name or by allusion, and the instruction applies to all wit-

nesses on both sides, who may be affected by it. The language, so far as relates to persons, is as general as it could well be made.

Counsel cite *Unruh* v. *State, ex rel.*, 105 Ind. 117, and other like cases, in support of their contention; but we do not consider that the cases cited are in point on the question.

In *Unruh* v. *State, ex rel., supra*, the language objected to in the instruction was: "The relatrix and defendant have testified, and they are both interested in the event of the suit. This fact should be considered in weighing their evidence, in connection with the other facts and circumstances which I have indicated apply to witnesses generally."

This court rightly disapproved of this language. It singled out two witnesses and discredited them by name before the jury. This can not be done by the court, and such will be found to be the character of the objectionable instructions in all of the cases relied upon by appellant in this contention.

Where, however, the credit that ought to be given to witnesses is stated generally to the jury, without making particular allusion to any witness or class of witnesses in the case, no objection on this score can be made.

With one exception, we think the instruction here complained of is entirely unobjectionable, and is a fair and correct statement of the law upon the question as to the credit to be given to witnesses. While we do not believe, considering the whole instruction together and other instructions given, that the jury were misled in any degree by the language used; yet we do think that, in the first part of the instruction, where the jury are told that they "should" take into consideration the interest, if any, which a witness has in the result of a suit, the word used ought to be "may," and not "should." The

use of the word "should" in that connection seems, in some measure, to invade the province of the jury. The jury ought to be informed as to what circumstances they may take into account in weighing the evidence heard by them; but, as this instruction itself informs them, they are themselves "the exclusive judges of the credibility of the witnesses and the weight to which their testimony is entitled." *Nelson* v. *Vorce,* 55 Ind. 455; *Woolen* v. *Whitacre,* 91 Ind. 502; *Dodd* v. *Moore,* 91 Ind. 522.

The following, requested by appellees and given by the court, is also objected to: "If the jury believe, from the evidence in the case, that the petitioner has been in a public place, such as a street, sidewalk, or depot platform, in a state of intoxication, this is a public offense of such a character as would subject him to a fine upon conviction therefor, and is such an act of immorality within the meaning of the words as used in the law regulating the licensing and sale of intoxicating liquors, and you should find for the remonstrants."

The grammatical construction of this charge is somewhat at fault, but the meaning is obvious.

It is the office of an instruction to inform the jury of the law in a case; the jury find the facts for themselves.

It is contended that the foregoing instruction misstates the law, and also that it invades the province of the jury.

The law upon which the instruction is based is found in section 7273, R. S. 1894 (section 5314, R. S. 1881): "It shall be the privilege of any voter of said township to remonstrate, in writing, against the granting of such license to any applicant, on account of immorality or other unfitness, as is specified in this act."

And, in the succeeding section of the statute, where it is declared that one who has complied with certain preliminaries shall be granted a license, "*Provided,* said

applicant be a fit person to be intrusted with the sale of intoxicating liquor, and if he be not in the habit of becoming intoxicated; but in no case shall a license be granted to a person in the habit of becoming intoxicated."

The law charged in the instruction is, that if the petitioner has been in a public place in a state of intoxication, this is a public offense of such a character as would subject him to a fine upon conviction, and is such an act of immorality, within the meaning of the law regulating the licensing and sale of intoxicating liquors, as would require the jury to find for the remonstrants.  In other words, if the jury find that the petitioner has been intoxicated in a public place, they should refuse him a license.

The statute, as we have seen, declares the law as to intoxication to be that the applicant shall be refused a license if he be "in the habit of becoming intoxicated." But a single act of intoxication does not constitute "the habit of becoming intoxicated." The word habit has a clear and well understood meaning, being nearly the same as custom, and can not be applied to a single act.

It is said, however, that the instruction refers to "immorality," and not to "intoxication," as these terms are used in the statutes cited. That would amount to saying that an act of intoxication is an act of immorality, for which a petitioner should be refused a license. If that were true the instruction would be a finding of fact by the court, and not a statement of law to the jury.

Because it is a misdemeanor, subject to fine, for a person, even on one occasion, to become intoxicated in a public place, it does not follow, as a matter of law, that such a person is disqualified under the liquor law to obtain a license.

The question should have been left to the jury to say,

from evidence of that act, if any there were, and from all the other evidence in the case, whether such act of intoxication was an act of immorality such as unfitted the applicant to be entrusted with the sale of intoxicating liquor. *Keiser* v. *Lines,* 57 Ind. 431; *Stockwell* v. *Brant,* 97 Ind. 474; *Hardesty* v. *Hine,* 135 Ind. 72.

Counsel for appellees finally contend that even if the instruction objected to were erroneous as charged, still the judgment is right upon the merits of the case, and ought not, therefore, to be disturbed, citing section 670, R. S. 1894 (section 658, R. S. 1881).

It is true, as counsel say, that in *Grummon* v. *Holmes,* 76 Ind. 585, and in *Groscop* v. *Rainier,* 111 Ind. 361, it was held that other kinds of immorality than the habit of becoming intoxicated may be made the grounds of a remonstrance against an applicant for license to sell intoxicating liquor; and also that in *Eslinger* v. *East,* 100 Ind. 434, it was held that in applications for liquor license evidence as to the surroundings, as nearness to schools and colleges, may be considered by the jury in determining the applicant's fitness to sell intoxicating liquors.

Because, therefore, in this case, there was evidence tending to prove other acts of immorality and unfitness on the part of the applicant, and because all the matters in support of which such evidence was given were made grounds of remonstrance, counsel say that the jury might rightfully find the applicant an unfit person to entrust with the sale of intoxicating liquors in the locality mentioned, even without considering the instruction as to the act of intoxication.

In making such contention counsel cite *Bronson* v. *Dunn,* 124 Ind. 252. In that case it was held, substantially, that since the findings of the jury, as shown by answers to interrogatories, made it clear that the evi-

dence amply supported the verdict, without regard to the erroneous instruction, therefore the judgment was right upon the merits and ought not to be disturbed.

That holding, however, can not be taken as a precedent in this case. Here there was no finding of the facts, by answers to interrogatories or otherwise, nor is the evidence in the record, so that we are unable to say whether the judgment is right upon the merits or not. That there was evidence tending to support certain charges of immorality and unfitness on the part of the applicant, can not avail to satisfy the mind of the court that the verdict of the jury was based upon such charges and evidence. Unless all the evidence is in the record, or the facts be fully found, we can not say that the verdict is supported by evidence other than the evidence to which the erroneous instruction is applicable.

For the giving of the erroneous instruction complained of, therefore, the judgment must be reversed, with directions to grant a new trial.

Filed Nov. 16, 1894