IN RE APPLICATION OF ELIZA E. COFFIN FOR CER-
TIFICATE AND LICENSE TO PRACTICE MEDICINE.

[No. 18,832.   Filed April 18, 1899.]

JUDGMENT.—*Vacation of When Taken by Agreement of Attorney Act-
ing Without Authority.*—*Physician.*—*Certificate to Practice Medi-
cine.*—In conformity with the act of March 8, 1897, an application
for a certificate to practice medicine was filed with the State Board
of Medical Registration and Examination.   The certificate was re-
fused "on the ground that the applicant had been and was guilty of
gross immorality."   The applicant appealed to the circuit court,
where, by agreement of an attorney acting for the prosecuting attor-
ney without authority, a judgment was entered that the applicant
was entitled to a certificate which the board was directed to issue.
*Held,* that the judgment so taken could not be sustained.

From the Starke Circuit Court.   *Reversed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, F. P.
Vurpillat* and *A. L. Courtright,* for State.
*Albert I. Gould* and *Burson & Burson,* for applicant.

BAKER, J.—Eliza E. Coffin filed with the State Board of
Medical Registration her application for a certificate en-
titling her to a license to practice medicine, surgery, and ob-
stetrics in Starke county, conformably to the act of March 8,
1897.   Acts 1897, p. 255, sections 7323a-j Burns Supp.
1897, sections 5352a-j Horner 1897.

In the fifth section of the act it is provided that "The
board may refuse to grant a certificate to any person guilty of
felony or gross immorality, or addicted to the liquor or drug
habit to such a degree as to render him unfit to practice medi-
cine or surgery, and may, after notice and hearing, revoke a
certificate for like cause.   An appeal may be taken from the
action of the board."

• On October 22, 1897, the board refused to grant her a
certificate "on the ground that she had been and was guilty
of gross immorality."   She gave bond for costs, and appealed
to the Starke Circuit Court, which was the proper tribunal.

*State, ex rel.,* v. *Webster,* 150 Ind. 607. The cause was put on the docket at the March term. The only entry made was "This cause is continued." The next occurrence was on the second day of the following term, May 17, 1898. A judgment "by agreement" was entered that the applicant was entitled to a certificate, and that the board should issue her one. On the twenty-third day of the term a verified motion to set aside the judgment was filed by the Attorney-General. On November 2, 1898, the motion was overruled, and this appeal resulted.

From the motion and affidavits it appears that during the time covered by these proceedings Vurpillat was prosecuting attorney of the forty-fourth judicial circuit, of which Starke county is a part; that Glazebrook was deputy for Starke county, and had charge of all state business therein until April 26, 1898, when he left the county as an officer of the 157th Indiana Volunteer Infantry; that on May 9, 1898, Courtright was appointed deputy prosecutor for Starke county, as successor to Glazebrook, and from that date has continued in charge of all the business of the prosecutor's office in Starke county; that in the interim between Glazebrook's and Courtright's incumbencies Vurpillat was in charge; that Glazebrook before leaving arranged with Robbins to look after his business in court during his absence; that Robbins, acting solely under his supposed authority from Glazebrook, went with the attorneys of Eliza E. Coffin before the court, and consented to the entry of the judgment "by agreement." In his affiadvit in support of the motion Courtright affirmed: "And affiant says that on May 17, 1898, while affiant was in the court room of the Starke Circuit Court, affiant heard one Henry R.Robbins let judgment go by agreement in a case in which said Robbins stated that he represented Bradford D. L. Glazebrook, which case affiant afterwards learned was the one entitled above; and affiant says that such judgment was taken without his knowledge or consent." In his affidavit in opposition to the motion Robbins said:

"That he received authority of B. D. L. Glazebrook to take charge of all of his business at the May term and succeeding terms of this court, except the criminal business he entrusted to A. L. Courtright; that when this cause came up for hearing said Courtright and this affiant were both present, and it was mutually understood by and between them that the disposition of this cause fell to the custody of this affiant." Robbins does not contradict Courtright as to who undertook to act in the case, and on what authority.

In the fifth section of the statute it is made "the duty of the prosecuting attorney of said circuit to appear in such causes and represent the board." The board is not, properly speaking, a party to the appeal from its action to the circuit court. When an application for a certificate is filed with the board, the proceeding is *ex parte*. The board, in acting on the application, is entrusted by the people with the exercise of the police power of the State for their protection. If the applicant appeals from the action of the board, the proceeding is the same one in which the board acted; and the duty, which before rested upon the board, to see to it that certificates issue only to properly qualified applicants, devolves upon the prosecuting attorney and the court. The procedure and the duty of the prosecuting attorney are similar to the procedure and duty in applications for change of name. Section 5864 R. S. 1881, section 7812 Burns 1894. The duty of the prosecutor is similar to his duty in resisting petitions for divorce that "remain undefended." Section 1038 R. S. 1881 and Horner 1897, section 1050 Burns 1894; *Scott* v. *Scott*, 17 Ind. 309. It is by reason of the people's interest in the subject-matter that prosecutors and courts may not permit these proceedings, *ex parte* in form, to become *ex parte* in fact.

The applicant contends that this appeal should fail because it is manifest from Robbins's affidavit, which was acted upon by the court as true, that Courtright, in consenting to Robbins's claim that this cause was under his control on

account of Glazebrook's authorization, misapprehended his duty under the law, and therefore the rights of the people have been lost by neglect so inexcusable that no relief may be afforded.    If there is on the civil docket of the court an application for change of name, or a petition for divorce that "remains undefended," or an application for a certificate on appeal, under this act of March 8, 1897, it is the court's duty to notify the prosecutor and require him to act, or to appoint a prosecutor in the case who will act, in behalf of public interests, just as much as it is the court's duty to require the attendance and diligence of the prosecutor in the disposition of criminal causes, or to appoint some one in his stead for that purpose.    Section 5865 R. S. 1881 and Horner 1897, section 7813 Burns 1894.    A court cannot permit causes of this kind to be terminated "by agreement" of interlopers with any greater propriety or justification than it could tolerate an interloper's entry of *nolle pros.* in the cases on the criminal docket.

The applicant also urges that the ruling was right because the motion did not show any defense to the application. As the record stood prior to the entry of the "judgment by agreement," the applicant was prosecuting an appeal from the action of the board in determining that she was not a proper person, as defined in the act, to be granted a certificate. The entry of the "judgment by agreement" was in violation of law.    That the action of the board was right will be presumed until the contrary is legally established on appeal.

Ruling reversed, and cause remanded, with directions to sustain the motion, and to set aside the "judgment by agreement," and to proceed further in conformity with this decision.