MINNESOTA STATE PHARMACEUTICAL ASSOCIATION v. STATE
BOARD OF PHARMACY and Others.[1]

December 13, 1907.

Nos. 15,504—(154).

**Registration of Pharmacists.**
> Chapter 346, p. 483, Laws 1907, relating to the registration of pharma-
> cists, is constitutional.

Action in the district court for Hennepin county for an injunction
restraining defendants from issuing licenses to certain persons to prac-
tice pharmacy in Minnesota without previous examination of appli-
cants. From an order, Holt, J., vacating and setting aside an order
to show cause and temporary injunction, plaintiff appealed. Affirmed.

*Freeman P. Lane,* for appellant.

*Edward T. Young,* Attorney General, *C. Louis Weeks,* Special As-
sistant, and *Frank E. Putnam,* for respondents.

ELLIOTT, J.

This appeal is from an order vacating an order to show cause and
discharging a temporary injunction. The appellant, the Minnesota
State Pharmaceutical Association, sought to enjoin the State Board
of Pharmacy and its officers from granting and issuing certificates
to certain persons authorizing them to practice pharmacy in this state.
The record presents but one question, and that is the constitutionality
of chapter 346, p. 483, Laws 1907. Prior to the enactment of this
statute the pharmacy law, as found in sections 2327 to 2341, R. L.
1905, provided for the registration as pharmacists of such persons as
by examination satisfied the board of their qualifications. It is con-
ceded that the statutes regulating this subject as they existed prior
to the 1907 law are constitutional. State v. Hovorka, 100 Minn. 249,
110 N. W. 870, and cases there cited (8 L. R. A. [N. S.] 1272).

In order to understand this act, it is necessary to glance at the condi-
tion of the law prior to the revised laws. The original pharmacy law,

[1] Reported in 114 N. W. 245.

which took effect March 5, 1885, allowed every person who was then engaged in the business of dispensing pharmacist to continue in business upon registering with the board within three months thereafter. No examination was required. Chapter 104, p. 172, Laws 1891, provided that any person engaged in the business of a dispensing pharmacist in Minnesota at the date of the enactment of the former law should have thirty days from April 17, 1891, within which to register without examination. Chapter 131, p. 255, Laws 1893, extended this privilege to all persons of the same character who should register within thirty days from its enactment, and by chapter 138, p. 274, Laws 1897, a period of forty days from the passage of that act was designated within which applications might be made and registrations effected without examination. It thus appears that it has been the policy of the legislature to frequently appoint what may be called an "open season" for the benefit of persons who, by reason of their experience, were, in the legislative judgment, qualified as pharmacists, although they might not feel like subjecting themselves to the ordeal of examination. · With the policy of such statutes we have nothing to do, as the legislature has the power to regulate the occupation of pharmacists in any manner which it may think wise, so long as it does not violate the constitutional rights of the people.

In 1907 the legislature enacted the statute now under consideration. As the law then stood (section 2330, R. L. 1905), "to be entitled to examination by the board as a pharmacist, the applicant must be twenty-one years old and have had four years' practical experience in drug stores where physicians' prescriptions are usually compounded. If he be a graduate of a school of pharmacy whose course includes twelve months of laboratory work, but two years [of] such experience shall be required. If, upon examination, the board finds him qualified he shall be entitled to registration as such pharmacist." Chapter 346, p. 483, Laws 1907, re-enacted this language, but added thereto the following: "Provided, that upon payment of the fee of ten ($10.00) dollars, any person over twenty-one years of age who has had fifteen years or more practical experience in a drug store where physicians' prescriptions are usually compounded, and who has been a bona fide resident of the state for the year last past, may be entitled to be registered and receive a certificate authorizing him to practice as a registered pharmacist with-

out examination: Provided, however, that application for registration, under the provisions of this act, shall be made to said board within ten (10) days from and after the enactment of this law."

The appellant's contention is that this last proviso requires all persons who seek registration as pharmacists, whether after examination or upon proof of the age and experience required by the first proviso, to make application within ten days after the enactment of the law, and that thereafter no certificates can be issued to any one. This construction would preclude every one from becoming a pharmacist who was not already one at the time of the passage of the law, or who did not within ten days thereafter apply for examination or for registration without examination. If such was the legislative intention, the act would be invalid, because it is not within the power of the legislature to absolutely close the doors of access to any lawful profession or occupation. It can regulate, but it cannot destroy, a legitimate profession or business. But we do not think this is the proper construction of the statute. The section covers the matter of the qualifications of applicants for registration as pharmacists. In the first instance, and primarily, it provides for the issuance of certificates to such persons as have passed the prescribed examinations. This is but a re-enactment of the former law. In pursuance of its policy of admitting experienced men without examination on condition that they make application within a limited period, the first proviso was added. It clearly designates the persons to whom it applies, and the qualifications which they must possess. The second proviso prescribes the time within which such favored persons must avail themselves of the offered opportunity.

In view of the general purpose which the legislature had in mind, and the rule that a proviso to a statute relates only to the paragraph which immediately precedes it, unless it clearly appears that the proviso was intended to apply to the whole statute (State v. Webber, 96 Minn. 348, 105 N. W. 68), we have no difficulty in reaching the conclusion that the second proviso relates and applies to the matter contained in the first proviso, and not to the preceding portion of the section. This construction harmonizes the entire statute and manifestly makes it express the legislative intention. All persons who made application to the board within ten days after the enactment of chapter 346, p. 483, Laws 1907, and produced satisfactory evidence of their

right to registration under the first proviso, are entitled to registration. All others must submit to the examination prescribed by the act.

The order of the trial court is therefore affirmed.