## THE STATE v. STERLING P. HAMLETT, Appellant.

### Division Two, May 19, 1908.

1. **MOTION TO DISMISS: Not Reviewable.** The action of the court in overruling a motion to dismiss is properly embraced in the record proper. But if the action is to be reviewed upon appeal, the motion itself must be preserved in the bill of exceptions, as must also the exceptions saved at the time it was overruled.

2. **CONSTITUTIONAL STATUTE: Title: More Than One Offense.** Because an act embraces more than one offense, and prescribes a distinct and separate punishment for each, is no reason for holding it unconstitutional, if the separate punishments and offenses are germane to and congruous with the title.

3. ———: ———: ———: Pharmacy Act. Section 3045, Revised
Statutes 1899, which in one subdivision makes it a misdemean-
or to procure a registration as a pharmacist by false represen-
tation, and fixing a punishment, and in another subdivision
makes it a misdemeanor for a person who is not a registered
pharmacist to conduct a pharmacy or a place where medicines
are compounded, and provides a punishment for that misde-
meanor, is germane to the title of "Druggists and their Li-
censes," and neither the title nor the act embraces more than
one subject.

4. ———: Pharmacy Act. The General Assembly has the power
by appropriate legislation to regulate the transaction of busi-
ness by those who are engaged in dispensing drugs and medi-
cines; and to prescribe a punishment for any person, who is not
a licensed pharmacist, or who does not have in his employ a
licensed pharmacist, who maintains a drug store and sells in
retail whiskeys, poisons and other drugs for medicinal use.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,*
Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T.
Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was filed before the
justice of the peace, is sufficient in form and substance.
R. S. 1899, sec. 3045. (2) The statute is constitutional.
State v. Wheelock, 95 Iowa 584; State v. Norton, 67
Iowa 642; State v. Heinemann, 80 Wis. 256; State v.
Forcier, 65 N. H. 42; Smith v. Alabama, 124 U. S. 465;
Ex parte Lucas, 160 Mo. 232; Board v. Fowler, 50 La.
Ann. 1373; State v. Davis, 194 Mo. 485. Counsel for
the State hardly feel called upon to argue that the stat-
ute in question is a reasonable exercise of the police
power of the State, exercised for the protection and
safety of the people. Indeed, it may be said that no
calling or occupation is more beneficial or more dan-
gerous than that of the man who compounds and sells

medicines, drugs and poisons.    (3)    The evidence of the guilt of the defendant was sufficient.   The State's witnesses (unwilling though some of them were) testified to the sign "drug store" painted over the front door of defendant's place of business, and they testified to the sale by the defendant of the various articles at the drug store in question, and two gentlemen, who were druggists, testified that those articles are medicines, poisons, chemicals and drugs.   Several of the State's witnesses testified that these sales occurred at times when there was no druggist or pharmacist employed in said store.   The defendant, to some extent and on some subjects, contradicted those witnesses. But the defendant never called Dr. Adolph Henning, who was a registered pharmacist, as a witness, and never attempted to account for his absence; and the testimony of Dr. Henning on these subjects would have been of great value in determining just when this pharmacist was in defendant's employ.   Where there is substantial evidence tending to sustain the verdict of guilty, this court will not attempt to weigh the evidence, nor pass on the credibility of the witnesses; but will defer to the finding of the jury, as approved by the trial judge.   State v. Smith, 190 Mo. 706; State v. Groves, 194 Mo. 452; State v. Payne, 194 Mo. 442; State v. Swisher, 186 Mo. 8; State v. Yandell, 201 Mo. 646.

FOX, P. J.—This cause comes to this court by appeal on the part of the defendant from a judgment of the circuit court of Pike county convicting the defendant of unlawfully conducting a drug store, being a place of retailing, compounding and dispensing physicians' prescriptions, drugs, medicines and chemicals for medicinal use, without being at said time a registered pharmacist as provided by law and without keeping constantly in his employ a competent pharmacist or druggist.

On January 31, 1907, the prosecuting attorney of

Pike county filed an information with a justice of the peace of that county charging the defendant with conducting a drug store and dispensing drugs, medicines, etc., for medicinal use, without being a registered pharmacist and without keeping in his employ a competent pharmacist or druggist. A conviction resulted in the trial before the justice of the peace. From that judgment an appeal was taken to the circuit court of Pike county, where the defendant was again tried by a jury and again convicted and his punishment assessed at a fine of one hundred dollars.

The State's evidence tended to prove that during the twelve months prior to the filing of the information herein, the defendant was engaged in business in the town of Ashley, in Pike county, Missouri. The defendant owned a store building on one of the principal streets of that town, had a sign "drug store" over the front door, and kept wine, whiskey, drugs, poisons and medicines, such as are usually kept in a retail drug store. On the shelves in said store, there were a large number of bottles containing medicines; some in liquid and some in solid form. These bottles had labels on them, and the words and abbreviations were in Latin. The evidence also showed that the defendant did not at all times have in his employ a registered pharmacist, and that he was not a registered pharmacist himself. During that time, the defendant sold wine, whiskey, drugs, poisons and medicines to various persons at retail. The evidence further showed that the defendant kept paint, putty, glass, oils and other articles such as are usually kept in drug stores and hardware stores.

The defendant's evidence tended to prove that he did keep the articles referred to, but that he did not sell them, except in original packages, and that a part of said twelve months he did have a registered pharmacist in his employ, to-wit, Dr. Adolph Henning; but Dr. Henning did not testify.

At the close of the evidence the court fully instruct-

ed the jury upon the law as applicable to the facts of this case and the cause was submitted to them. As heretofore stated they returned a verdict finding defendant guilty and assessed his punishment at a fine of one hundred dollars. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. From the judgment which was entered in accordance with the verdict returned by the jury, the defendant prosecuted his appeal, and the record is now before us for consideration.

## OPINION.

The record in this cause discloses that the offense of which appellant was convicted was a misdemeanor, and manifestly the trial court granted the appeal on the ground that the constitutionality of the act upon which this prosecution is based was challenged both in the motion for a new trial and the motion in arrest of judgment.

We have not been favored with a brief or any suggestions by appellant or his counsel pointing out in what particulars the section of the statute upon which this prosecution is predicated is violative of the Constitution of this State, nor are there any suggestions made as to any of the errors complained of in the motion for new trial and in arrest of judgment. However, under the provisions of the statute we have carefully analyzed the disclosures of the record before us with a view of ascertaining whether or not there was any substantial error committed by the trial court in the disposition of this case.

## I.

Complaint is made in the motion for new trial that the court erred in overruling the motion to dismiss this proceeding and wherein the defendant asked to be discharged.

An examination of the record discloses that on the 10th day of June, 1907, the defendant by his counsel filed a motion to dismiss this cause and said motion coming on for hearing and being seen and heard and duly submitted, was by order of the court overruled. The action of the court upon this motion, as indicated, was properly embraced in the record proper, but we have been unable to find the preservation of the motion itself in the bill of exceptions, and the only way in which such motion could be made a part of the record in this cause and subject to review was by the proper preservation of it with timely exceptions to the action of the court in overruling it in the bill of exceptions. This not having been done, the action of the court in respect to such motion is not now before us for review.

## II.

It is alleged both in the motion for new trial and in arrest of judgment that section 3045, Revised Statutes 1899, is violative of the provisions of section 28, article 4, of the Constitution of this State. This provision of the Constitution provides that "no bill . . . . shall contain more than one subject, which shall be clearly expressed in its title." The suggestions in the motion for new trial and in arrest of judgment did not assail the title of the act in which the section upon which this prosecution is predicated is embraced. The complaint seems to be directed to the section alone for the reason that it embraces more than one offense and provides for separate and distinct punishment. In our opinion the constitutional provision to which our attention is directed has no application to a section of the statute which makes the commission of different acts misdemeanors and provides separate punishment for the commission of such acts, providing the offenses defined are germane to the title and subject to the act of the Legislature in which the section is embraced. The provisions of section 3045, of which

complaint is made in the motion disclosed by the record, makes it a misdemeanor to procure or attempt to procure registration as a pharmacist by false representations and provides a certain punishment. The second subdivision of that section then makes it an offense for a person who is not a registered pharmacist to conduct a pharmacy or place where medicines are compounded or dispensed and then provides for the punishment of that misdemeanor. Both of the misdemeanors defined by that section are germane to the title and subject of the act of druggists and their licenses. In our opinion there is no merit in the contention that the section of the statute upon which this prosecution is predicated is unconstitutional.

That the General Assembly have the power by appropriate legislation to regulate the transaction of business by those who are engaged in dispensing drugs or medicines for medical use, we have no doubt. While it may be true that the occupation of a druggist or pharmacist is highly beneficial to the public, yet it will not be seriously contended that a business where medicines are compounded and sold is not frequently attended with great danger to the people who are so unfortunate as to need the assistance of medical remedies.

It has been uniformly recognized by the courts of this as well as in foreign jurisdictions, that "whenever the pursuit of any particular occupation or profession requires for the protection of the lives or health of the general public, skill, integrity, knowledge or other personal attributes or characteristics in the person pursuing it, the General Assembly has the power and the authority to have recourse to proper measures to ensure that none but persons possessing these qualifications should pursue the calling." [Board of Med. Exam. v. Fowler, 50 La. Ann. l. c. 1373; State v. Wheelock, 95 Iowa l. c. 584; State v. Norton, 67 Iowa l. c. 642; State v. Heinemann, 80 Wis. l. c. 256; State v. Forcier, 65 N.

H. 42; Ex parte Lucas, 160 Mo. l. c. 232-33; State v. Davis, 194 Mo. 485.]

## III.

We have carefully read in detail the evidence as disclosed by the record developed upon the trial of this cause and it is sufficient to say that we see no escape from the conclusion that if the jury believed the witnesses who testified for the State there was ample testimony to support the verdict. It was the exclusive province of the jury to determine the credibility of the witnesses and to pass upon the weight of the testimony offered by the State and the defendant. As has been repeatedly ruled by this court, we will not undertake to retry the cause upon the evidence disclosed in the record, but where there is substantial evidence we defer to the finding of the jury. The verdict in this cause manifestly met the approval of all the jurymen who sat in the trial, as well as the judge who presided in the cause, hence we see no ground for disturbing this verdict upon the question of the sufficiency of the evidence.

## IV.

We have carefully considered the instructions of the court and in our opinion they fully and fairly presented every phase of this case to which the testimony was applicable. Finding no reversible error disclosed by the record, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.