## McKillip v. State of Indiana.

[No. 22,904. Filed January 26, 1916.]

TRESPASS.—*Criminal Prosecution.—Effect of Claim and Color of Title.*—Where land conveyed to the trustees of a church ceased to be used for church purposes, and a son of the grantors took possession thereof under a claim that by a condition of the deed the land reverted to the heirs of the original owners, a criminal prosecution against him for trespass would not lie, since such a prosecution is not a proper mode for trying title to real estate, and a person having a paper title apparently valid on its face, and claiming to be the owner in good faith, can not be prosecuted criminally for trespass upon land to the damage of a third person though the latter in the end may prove to have the better title.

From Howard Circuit Court; *William C. Purdum*, Judge.

Prosecution by the State of Indiana against John F. McKillip. From a judgment of conviction, the defendant appeals. *Reversed.*

*Blacklidge, Wolf & Barnes,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Donald P. Strode, Horace M. Kean, Leslie R. Naftzger, Omer S.*

*Jackson, Michael A. Sweeney* and *Wilbur T. Gruber*, for the State.

ERWIN, J.—This was a prosecution for trespass. The facts disclosed by the record are, that in the year 1891 certain lands were conveyed by one James McKillip and wife, by warranty deed, to the trustees of the Church of Christ at Walnut Grove, in Howard County. It was insisted by appellant that by reason of certain provisions in the deed that the land had reverted to. the heirs of the original owners of the lands. The church building erected on said lands ceased to be used for church purposes for more than a year, whereupon appellant, who was a son of the original grantors, moved some personal effects into said church building and took up his abode therein. The trustees of said church called upon him at the church and notified him to vacate the premises. Appellant notified them that under the conditions of the deed from his father to the trustees, he was the owner of the real estate in question, and that he would not surrender it to them. This prosecution followed.

Many alleged errors are assigned as causes why this judgment should be reversed. Without going into detail as to each alleged error it is sufficient to say that this case is in all respects similar to the case of *Windsor* v. *State* (1859), 13 Ind. 375 (both involving the occupancy of church property). This court, by Worden, J., said in the case cited, "We do not think a criminal prosecution a proper mode of trying the title to real estate. A person without color of title, could not defeat a criminal prosecution for malicious trespass upon lands, by setting up title thereto in himself, but where he has a paper title, apparently valid on its face, and claims, in good faith, to be the owner, and is in possession,

either by himself or others occupying by his direction, he can not be prosecuted criminally for a trespass committed thereon by him, to the damage of a third person, although such third person, in the end, may prove to have a better title." It was held in *Howe* v. *State* (1858), 10 Ind. 492, that a man can not be held criminally responsible for destroying timber upon lands of which he holds the possession by virtue of a contract obtained by fraud.

It is not to be understood that we express any views, one way or the other as to the provisions in the deed under which appellant claims to be the owner of the land, but we do hold that that question could not, and should not be adjudicated by instituting a criminal proceeding. The judgment is reversed with instructions to the court below to grant a new trial and for further proceedings in conformity with this opinion.

NOTE.—Reported in 111 N. E. 178. See, also, 38 Cyc 1179.