# THE STATE v. THOMAS COX, Appellant.

### Division Two, May 23, 1911.

1. **REFERENCE STATUTES: Title: Primary Election Law: Penalties.** It is not necessary that the title to an election law should refer to the penalties it imposes for its violation. The Legislature necessarily intended, by the enactment of a law relating to elections or party nominations, to prescribe penalties for its violation. Neither the fact that the Primary Election Law in its title does not refer to penalties for its violation, nor the fact that in its body it adopts the penalties prescribed by the general election laws without referring to such laws in the title, renders the act unconstitutional.

2. ———: **Commendable.** Reference statutes are commendable. They tend to prevent an unnecessary increase in the volume of statutory law.

3. ———: ———: **Obstructing Officer.** Sec. 4363, R. S. 1909, prohibiting the obstruction of officers in the discharge of their official duties, is applicable to an officer attempting to enforce the Primary Election Law, notwithstanding it is not referred to either in the title or body of that law.

4. ———: ———: ———: **Subsequent Enactment.** Nor does the fact that the Primary Election Law is a subsequent enactment render section 4363 inapplicable to violations of that law. Where the crime for which defendant is being tried was committed after the enactment of the Primary Election Law and in violation thereof, it does not give any retrospective effect to that law to permit the offender to be punished under the statute previously enacted and adopted by the Primary Election Law as a part thereof.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

.AFFIRMED.

*Henry M. Walsh* for appellant.

The act known as "An act to provide for party nominations by direct vote," Laws 1907, p. 263, does not contain in its caption or title any reference to any

penalties which, are suggested by the State as being fixed in the body of the act. There does not appear anywhere in the caption even the remotest suggestion of any punishment to be inflicted upon anyone for the doing or failure to do anything and it is on account of the failure of the title of the act to in any way indicate that it is the intention to place somewhere in the body of the act penalties for the failure to do or the doing of something, that the trial court improperly permitted the case to go to the jury, if in fact it was not a mistake to entertain the indictment at all. Sec. 28, art. 4, Constitution of Missouri; State ex rel. v. Heege, 135 Mo. 118; State ex rel. v. Baker, 129 Mo. 485; State ex rel. v. Jackson County Court, 120 Mo. 537; State ex rel. v. Lafayette County Court, 41 Mo. 41; Railroad v. Potts, 7 Ind. 685; Gillespie v. State, 9 Ind. 383; State v. Young, 47 Ind. 151; Sanderson v. Kronke, 109 La. 838; State v. Courtney, 27 Mont. 378; Railroad v. Gentry, 43 Tex. Civ. App. 299; State v. Superior Court, 42 Wash. 491; Shields v. Bennett, 8 W. Va. 74; State v. Bengsch, 170 Mo. 81; State ex rel. v. Dirck, 211 Mo. 582.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

Section 4442, R. S. 1909, is applicable to primary elections. State ex rel. v. Taylor, 220 Mo. 628. The section mentioned was incorporated in the primary law by the reference to it therein. State v. Hunter, 69 Ark. 548. Generally ''reference acts'' deal with ''rules of construction or modes of procedure for carrying out their provisions.'' 26 Am. and Eng. Ency. Law, 711; 36 Cyc. 969, 970. The authority and duty of Officer Tomasso to arrest ''John Doe'' without a warrant clearly appears from the allegations of the indictment. R. S. 1909, secs. 9805 and 9825; State v. Boyd, 196 Mo. 60; State v. Albright, 144 Mo. 649; State v. Spaugh, 200 Mo. 596.

BROWN, J.—Defendant was found guilty of obstructing a police officer in the discharge of his officiay duty, as prohibited by Section 4363, Revised Statutes 1909. From a judgment of the circuit court fixing his punishment at a fine of $100 and three months' imprisonment in jail, defendant appeals to this court.

The evidence on the part of the State is to the effect that at the primary election held in St. Louis on August 4, 1908, the defendant and several other parties went into the polling place in precinct 4 of ward 3 of that city. One of defendant's associates called for a ballot in the name of Patrick Grace, a well known citizen of that precinct; but the election officers, knowing that the party thus offering to vote was not Patrick Grace, refused to hand him a ballot; whereupon police officer Anton Tomasso, who was present in the polling place, immediately arrested the party and started with him to the police station, intending to prefer against him a charge of feloniously attempting to vote in a name not his own. When Officer Tomasso had led his prisoner about a block, defendant Cox, who was following them, ran against Tomasso with such force as to knock him down and cause him to release his hold upon the prisoner, who immediately escaped. Officer Tomasso then shot the defendant in the leg and arrested him for causing the escape of the prisoner.

## OPINION.

The evidence on the part of the defendant was to the effect that defendant did not touch or interfere with police officer Tomasso in any manner, and that said officer had no cause to shoot or arrest him. There was such a sharp conflict between the evidence for the State and that offered by defendant as to indicate deliberate perjury on the part of one side or the other; but it was the special province of the jury, who saw the witnesses and observed their demeanor on the

stand, to weigh such conflicting evidence; and we are not called upon to review it.

Defendant asserts that sections 31 and 32 of the Act of 1907 (Laws 1907, p. 269), purporting to make the provisions and penalties prescribed by the general election laws applicable to primary elections, is unconstitutional, because the title of the primary law does not refer to any other law or any penalties, and therefore does not conform to section 28 of article 4 of our State Constitution, which provides that a legislative bill shall contain but one subject, which must be clearly expressed in its title. In effect, defendant's first ground for reversal is that on the 4th of August, 1908, there was no valid law in force to punish violations of the primary election law.

Defendant further insists that section 4363, Revised Statutes 1909, prohibiting the obstruction of officers in the discharge of their official duties, can not apply to an officer seeking to enforce the primary election law, because such primary election law was enacted subsequently to said section 4363, and because said section 4363 is not referred to either in the title to or body of the primary law.

It is true the title to the primary election law does not recite that penalties are prescribed for the violation of its provisions. It is not necessary that the title of said act should refer to such penalties. The creation of penalties for violation of a law is but an incident or detail of the law, and need not be referred to in its title.

The jurisprudence of our State is replete with cases involving the violation of laws affecting the right of suffrage; and it is preposterous to assume that a Legislature in the year A. D. 1907, intended to enact a law relating either to elections or to nomination of candidates for public offices without prescribing severe penalties for its violation. The fact that the primary election law adopts the penalties prescribed by the gen-

eral election law does not render it unconstitutional. The title of the primary election law, to-wit, "An act to provide for party nominations by direct vote," was broad enough to authorize the insertion in such primary law itself of penalties for its violation; and this being true, it was perfectly competent to create such penalties by referring to another law in which such penalties were set out in detail. This doctrine finds support in the following cases: State ex rel. v. Mercantile Company, 184 Mo. l. c. 183; State v. Hamlett, 212 Mo. 80; Republic Iron and Steel Company v. State, 160 Ind. 379; State v. Peyton, decided at this term, and officially reported at page 517 of this volume; Lewis's Sutherland's Statutory Construction (2 Ed.), sec. 447. Reference statutes of this character are not only valid but commendable. They not only tend to prevent an increase of the volume of statute law, which is always large enough to be confusing; but the laws adopted by reference statutes have usually been construed by the courts; and are more easily understood by the people than a new enactment. Hence, we must overrule defendant's first objection to the validity of the primary election law.

Defendant's second assault on the judgment of the circuit court is equally untenable. In making the penalty clauses of the general election law applicable to primary elections the Legislature is presumed to have known of all existing criminal laws in this State, including section 4363, Revised Statutes 1909, making it a felony to interfere with a ministerial officer while discharging his official duties in a felony case. [Sikes v. Railroad, 127 Mo. App. 335; Lewis's Sutherland's Statutory Construction (2 Ed.), sec. 447.]

In adding a new criminal law to the statutes by creating penalties for violating the primary election law, it is apparent that the Legislature intended that it should be enforced by arrest and trial in the same

form as other criminal laws then in existence; and that section 4363, supra, should be invoked in protecting those officers whose duty it is to arrest parties for violating the primary election law. Section 4363, while creating a separate offense (that of obstructing a ministerial officer in the discharge of his official duty), is but a part of the great body of our criminal law, and is intended to protect from violence and obstruction officers while engaged in the discharge of their duties. The primary election law makes no special provisions for its enforcement, hence the courts will assume that the aforesaid section in regard to obstructing officers was meant to apply arrests for its violation. To rule otherwise would be equivalent to saying that every time a new criminal statute is enacted, before it could be enforced, the whole body of the criminal procedure must be amended or re-enacted; otherwise it would not apply to such new law. We are of opinion that in enacting section 4363, supra, it was intended by the General Assembly that it should apply to all future arrests and prosecutions, whether for violation of laws thereafter enacted or statutes then in existence. Such a construction does not give any retroactive effect to the Primary Election Law, because the crime for which defendant was convicted was committed after the Primary Election Law was enacted. [Humphries v. Davis, 100 Ind. 274; 36 Cyc. 1146.]

Finding no reversible error in the record, the judgment of the trial court is affirmed. *Kennish, P. J.,* and *Ferriss, J.,* concur·